UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND <br><br> and <br><br> BOARD OF TRUSTEES OF THE SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND <br> 1343 L Street, N.W. <br> Washington, DC 20005 <br><br> Plaintiffs, <br><br> v. <br><br> ARISTA MANAGEMENT INC. d/b/a <br> QUALICARE NURSING HOME INCORPORATED <br> 695 East Grand Boulevard <br> Detroit, Michigan 48207-2590 <br><br> Defendant, <br><br> Serve: Mohammad Qazi, Registered Agent <br>   4000 Town Center, Suite 380 <br>   Southfield, Michigan 48075 | Civil Action No. _____ |

**COMPLAINT**

Plaintiffs, by counsel, hereby complain of Defendant, Arista Management Inc. d/b/a Qualicare Nursing Home Incorporated., as follows:

Introduction

1. This is an action to collect delinquent contributions that the Defendant Arista Management Inc. d/b/a Qualicare Nursing Home Incorporated ("Arista" or "Defendant") owes Plaintiff Service Employees International Union National Industry Pension Fund ("Pension Fund"). This action is brought by the Pension Fund and Plaintiff Board of Trustees of the Pension Fund ("Trustees") pursuant to the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, *et seq.*, as amended by the Multi-employer Pension Plan Amendments Act of 1980 ("ERISA"), and Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185(a) ("LMRA").

Jurisdiction and Venue

2. Jurisdiction of the Court arises pursuant to 28 U.S.C. §§ 1331, Section 502 of ERISA, 29 U.S.C. § 1132, and Section 301 of the LMRA, 29 U.S.C. § 185.

3. Because the Pension Fund is administered in this district, venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

Parties

4. Plaintiff Pension Fund is a multi-employer jointly administered labor-management pension fund established pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). Plaintiff Pension Fund is an employee pension benefit plan within the meaning of Sections 3(2) and 3(3) of ERISA, 29 U.S.C. §§ 1002(2) and (3), and is maintained for the purpose of providing retirement and related benefits to eligible participants and their beneficiaries. The Pension Fund is also a multi-employer pension plan within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37).

5. Plaintiff members of the Board of Trustees of the Pension Fund are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

6. The Pension Fund is administered in the District of Columbia. Its principal offices are at 1343 L Street, N.W., Washington, D.C. 20005.

7. Plaintiffs bring this action on behalf of themselves and on behalf of Pension Fund participants and beneficiaries pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

8. Defendant Arista is an employer in an industry affecting commerce within the meaning of Sections 3(5), 3(11), and 3(12) of ERISA, 29 U.S.C. §§ 1002(5), (11) and (12), and Sections 2(2), (6) and (7) of the LMRA, 29 U.S.C. §§ 152(2), (6) and (7).

9. Upon information and belief, Defendant is a corporation incorporated in the State of Michigan and has a mailing address of 4000 Town Center, Suite 380, Southfield, Michigan 48075.

## Statement of Claim

10. At all relevant times, Service Employees International Union Local 79 ("Local 79") has been the exclusive collective bargaining agent for all of Defendant's dietary, housekeeping, maintenance, and nursing assistant employees at 695 East Grand Boulevard, Detroit, Michigan.

11. At all relevant times, Defendant has been a party to a collective bargaining agreement ("Collective Bargaining Agreement" or "Agreement") with Local 79 covering Defendant's employees.

12. The Collective Bargaining Agreement is a contract between an employer and labor organization within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185, and collectively bargained agreement within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145.

13. Article XII, Section 5, of the Collective Bargaining Agreement requires that Defendant contribute to the Pension Fund at a rate of $0.20 per hour worked for each of its employees covered by the Agreement.

14. The Agreement expressly provides that Defendant shall pay required contributions to the Fund on or before the fifteenth day of the month following the period for which contributions are due, and that Defendant shall transmit together with the contributions a remittence report containing such information as may be required by the Trustees of the Fund.

15. The Agreement further provides that Defendant accepts and agrees to be bound by the terms and provisions of the Agreement and Declaration of Trust of the Pension Fund ("Trust Agreement"), and by all resolutions and rules adopted by the Trustees pursuant to their powers under the Trust Agreement, including collection policies.

16. At all relevant times, Section 3.1 of the Trust Agreement has provided that an employer shall submit complete remittance reports to the Pension Fund with the employer's contributions. The remittance report must contain the names of each covered employee and the number of hours worked for each employee during the reporting month. The information is necessary in order for the Pension Fund to properly credit each employee with the appropriate amount of pension credit and to verify that the employer has remitted the appropriate amount of contributions for the reported hours. The Pension Fund relies, in the first instance, on the employer properly calculating and remitting the appropriate contributions to the Pension Fund.

17. At all relevant times, Section 5.1 of the Trust Agreement have provided that the Pension Fund has the authority to review the payroll and other pertinent records of any employer to determine whether the employer has paid the correct amount of contributions to the Pension Fund.

18. At all relevant times, the Trust Agreement and the Pension Fund's Collection Policy, and Section 1 of the Pension Fund's Collection Policy, adopted by the Trustees pursuant to their authority under the Trust Agreement, have provided that an employer delinquent in its contributions to the Pension Fund is liable for interest at the rate of ten percent (10%) per annum, liquidated damages equal to five percent (5%) of the delinquent contribution prior to the commencement of legal action and twenty percent (20%) thereafter, costs of an audit, and attorneys' fees and costs.

19. Section 515 of ERISA, 29 U.S.C. § 1145, requires employers who are obligated to make contributions to a multi-employer employee benefit plan to do so in accordance with the terms of the collective bargaining agreement or the plan.

20. Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), provides as follows:

In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan:

    (A)    the unpaid contributions,

    (B)    interest on the unpaid contributions,

    (C)    an amount equal to the greater of:

        (i)    interest on the unpaid contributions, or

        (ii)    liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

    (D)    reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E)    such other legal or equitable relief as the court deems appropriate. For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1954.

21. On or about October 4 through 7, 2004, the Pension Fund conducted a review of Defendant's payroll records for the period January 2000 through December 2003. The audit revealed that Defendant had substantially underpaid contributions due the Pension Fund as a result of Defendant's failure to report all eligible employees and under reporting the number of hours worked for numerous months during the period.

22. On or about January 27, 2005, the Pension Fund notified Defendant of the audit findings and demanded that Defendant pay the Pension Fund the contributions owed, plus interest, liquidated damages, and audit costs, by February 15, 2005.

23. On or about April 4, 2005, and again on or about June 22, 2005, the Pension Fund notified Defendant that no payment or response had been received, and repeated its demand that Defendant pay in full the amounts due pursuant to the audit.

24. Despite repeated requests from both the Pension Fund and its Counsel, Defendant has failed and refused to pay the contributions Defendant owes to the Pension Fund as discovered by the Pension Fund's audit of Defendant's payroll records. Specifically, Defendant has failed to remit the proper amount of contributions due for various months during the period of January 2000 through December.

25. A separate action was filed in the United States District Court for the Eastern District of Michigan pertaining to delinquencies attributable to certain months within the period which is included in this matter (*Service Employees International Union National Industry Pension Fund, et al. v. Arista Management Inc. d/b/a Qualicare Nursing Home Incorporated*, Civil Action No. 2:03-74199). A Consent Judgment was entered in the case on July 14, 2005. The instant claim, therefore, does not include delinquent amounts for June, July, November and December 2000.

26. Because of Defendant's failure and refusal to remit its required contributions to the Pension Fund, Defendant is delinquent in its contribution obligation to the Pension Fund in the amount of $26,816.48, (excluding the months of June, July, November and December 2000), plus interest and liquidated damages.

27. Defendant's failure to remit its required contributions, plus interest, liquidated damages, and audit costs, is a breach of its obligations under the Collective Bargaining Agreement and the Trust Agreement and is a violation of Section 515 of ERISA, 29 U.S.C. § 1145.

28. Under Sections 515 and 502(g)(2) of ERISA, 29 U.S.C. §§ 1145 and 1132(g)(2), and Section 301(a) of the LMRA, 29 U.S.C. § 185(a), Defendant is obligated to the Pension Fund and the Trustees to pay the full amount of its delinquent contributions and the interest accrued under the terms of the Trust Agreement, plus liquidated damages and audit costs.

29. Under Sections 515 and 502(g)(2) of ERISA, 29 U.S.C. §§ 1145 and 1132(g)(2), and Section 301 of the LMRA, 29 U.S.C. § 185)a), Defendant is also obligated to the Pension Fund and the Trustees to pay the Plaintiffs' attorney's fees and costs of this action. Plaintiffs are also entitled, under Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E), to such other legal or equitable relief as the Court deems appropriate.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully request that the Court:

1. Declare that Defendant is delinquent in its contributions to the Pension Fund pursuant to the Collective Bargaining Agreement;

2. Enter judgment in the full amount of the delinquent contributions Defendant owes to the Pension Fund, together with interest, liquidated damages, audit costs, and attorneys' fees and costs, as required by the Collective Bargaining Agreements, the Trust Agreement and by Section 502 (g)(2) ERISA, 29 U.S.C. § 1132(g)(2);

3. Restrain and enjoin the Defendant, its officers, agents, servants, attorneys, successors, assigns and all persons acting on its behalf or in conjunction with it from failing or refusing to pay to the Plaintiffs all amounts, including contributions, interest, liquidated damages, and costs due to the Pension Fund for which Defendant is obligated to make payments under the terms of a collective bargaining agreement;

4. Retain jurisdiction of this case pending compliance with its Orders; and,

5. Grant such other legal or equitable relief as the Court may deem just.

Respectfully submitted,

/s/ Thomas J. Hart
Thomas J. Hart, Esq. (DC Bar No. 165647)
Karen J. Ward, Esq. (DC Bar No. 443340)
SLEVIN & HART, P.C.
1625 Massachusetts Ave., N.W., Suite 450
Washington, D.C. 20036
202-797-8700 (Telephone)
202-234-8231 (Facsimile)

Dated: _____         Attorneys for Plaintiffs