UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SERVICE EMPLOYEE INTERNATIONAL ) <br> UNION NATIONAL INDUSTRY ) <br> PENSION FUND et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ARISTA MANAGEMENT INC. ) <br> d/b/a QUALICARE NURSING HOME ) <br> INCORPORATED, ) <br> ) <br> Defendant. ) | Civil Action No. 05-cv-01606(RJL) |

### AFFIDAVIT OF LORI WOOD

LORI WOOD deposes and declares as follows:

1. I am the Administrative Director of Benefits for the Plaintiff SIEU National Industry Pension Fund (the "Fund"). The Fund is administered in the District of Columbia. Its principal offices are at 1343 L Street, N.W., Washington, D.C. 20005.

2. I am over the age of eighteen and competent to make this Affidavit. I have personal knowledge of facts and circumstances related to the instant action and described in this affidavit. All documents attached hereto are maintained by the Fund in the ordinary course of its business.

3. Plaintiff Fund is a multi-employer jointly administered labor-management pension fund established for the purpose of providing retirement and related benefits to eligible participants and their beneficiaries.

4. The Fund's Board of Trustees have discretion over the management of Fund assets and benefits and therefore are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29

U.S.C. § 1002(21)(A). The members of the Fund's Board of Trustees and have brought this action on the Fund's behalf.

5.  Defendant Arista Management Inc., does business as Qualicare Nursing Home, Inc. Qualicare is incorporated in the State of Michigan and has a mailing address of 4000 Town Center, Suite 380, Southfield, Michigan 48075.

6.  Service Employees International Union Local 79 ("Local 79") is and has been the exclusive collective bargaining agent for all of Qualicare's dietary, housekeeping, maintenance, and nursing assistant employees at 695 East Grand Boulevard, Detroit, Michigan during all times relevant to this action.

7.  Local 79 and Qualicare are parties to a collective bargaining agreement ("CBA" or "Agreement") covering Qualicare's dietary, housekeeping, maintenance, and nursing assistant employees. A true and accurate copy of the agreement that was in effect during the periods relevant to this action are attached hereto as Exhibit "A" and incorporated herein by reference.

8.  The CBA between Qualicare and Local 79 makes Qualicare a contributing employer to the Fund. An Appendix to the Collective Bargaining Agreement requires the Defendant to contribute to the Fund at a rate of $0.20 per paid hour for each of its employees covered by the Agreement.

9.  The Agreement provides that Defendant shall pay required contributions to the Fund on or before the fifteenth day of the month following the period for which contributions are due, and that Defendant shall transmit together with the contributions a remittence report containing such information as may be required by the Trustees of the Fund.

10. The Agreement further provides that Defendant accepts and agrees to be bound by

the terms and provisions of the Agreement and Declaration of Trust of the Fund ("Trust Agreement"), and by all resolutions and rules adopted by the Trustees pursuant to their powers under the Trust Agreement, including collection policies. A true and accurate copy of the Fund's Trust Agreement is attached hereto as Exhibit "B" and incorporated herein by reference.

11. Pursuant to their authority under the Trust Agreement, the Trustees have adopted a Collection Policy. A true an accurate copy of the Fund's Collection Policy is attached hereto as Exhibit "C" and incorporated herein by reference.

12. The Trust Agreement provides that, along with the employer's monthly contributions, an employer shall submit complete remittance reports to the Fund. The remittance report must contain the names of each covered employee and the number of hours worked for each employee during the reporting month. The information is necessary in order for the Fund to properly credit each employee with the appropriate amount of pension credit and to verify that the employer has remitted the appropriate amount of contributions for the reported hours. The Fund relies, in the first instance, on the employer to properly calculate, report, and remit the appropriate contributions to the Fund.

13. The Trust Agreement and Section 5(2) of the Fund's Collection Policy provide that an employer delinquent in its contributions to the Fund is liable for interest at the rate of ten percent (10%) per annum, liquidated damages equal to five percent (5%) of the delinquent contribution prior to the commencement of legal action and thereafter equal to the greater of interest on the delinquent contributions or twenty percent (20%) of the delinquent contributions, costs of an audit, and attorneys' fees and costs.

14. Article V, Section 5.1(14) of the Trust Agreement and Section 4 of the Collection

Policy provide that the Fund has the authority to review the payroll and other pertinent records of any employer to determine whether the employer has reported and paid the correct amount of contributions to the Fund.

15. On or about October 4 through 7, 2004, Mariam Gibbs, one of the Fund's auditiors, conducted an audit of Defendant's payroll records for the period January 2000 through December 2003. The audit revealed that Defendant had substantially underpaid contributions owed to the Fund as a result of Defendant's failure to report all eligible employees and its under reporting the number of hours worked for numerous months during the period.

16. The testing fee related to the audit amounted to $1,174.60.

17. On or about January 27, 2005, the Fund notified Defendant of the audit findings and demanded that Defendant pay the Fund the contributions owed, plus interest, liquidated damages, and audit costs, by February 15, 2005. On or about April 4, 2005, and again on or about June 22, 2005, the Pension Fund notified Defendant that no payment or response had been received, and repeated its demand that Defendant pay in full the amounts due pursuant to the audit. A true and accurate copy of those letters are attached hereto as Exhibit "D" and incorporated by reference.

18. Despite repeated requests from both the Fund and its counsel, Defendant has failed and refused to pay the contributions Defendant owes to the Fund for the months of January 2000 through December 2003 as discovered by the Fund's audit of Defendant's payroll records.

19. With the exception of the payments made in connection to the Consent Judgment that resolved a separate lawsuit between the Fund and Qualicare, the employer has failed to make payment on the contributions that are due under the audit's findings.

Under penalty of perjury, I declare that the foregoing to be true and correct according to the best of my knowledge, belief, or memory.

Dated: 3/24/06

Lori Wood
SEIU National Industry Pension Fund
1343 L Street, N.W.
Washington, D.C. 20005