UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SERVICE EMPLOYEE INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND et al., <br><br> Plaintiffs, <br><br> v. <br><br> ARISTA MANAGEMENT INC. d/b/a QUALICARE NURSING HOME INCORPORATED, <br><br> Defendant. | Civil Action No. 05-cv-01606(RJL) |

### AFFIDAVIT OF JOSHUA GRANT

JOSHUA GRANT deposes and declares as follows:

1. I am paralegal employed with the law firm Slevin & Hart, P.C. Slevin & Hart, P.C., are retained as attorneys for the Plaintiff SIEU National Industry Pension Fund (the "Fund").

2. I am over the age of eighteen and competent to make this Affidavit. I have personal knowledge of the facts and circumstances related to the instant action and described in this affidavit.

3. In the instant action, the Fund seeks to recover delinquent contributions that the Fund discovered were owed after conducting, on October 4 through October 7, 2004, a complete audit of the employer's payroll records. The audit was conducted by the Fund's staff auditor, Mariam Gibbs. As a result of the audit, Ms. Gibbs concluded that the Defendant owed additional contributions for every month during the period between January 2000 and December 2003, except for June and November 2002.

4. In 2003, the Fund filed a separate action against Arista Management, Inc., d/b/a Qualicare Nursing Home, Inc., the Defendant herein. That action was filed in the United States District Court for the Eastern District of Michigan under the caption *Service Employees International Union National Industry Pension Fund, et al. v. Arista Management Inc. d/b/a Qualicare Nursing Home Incorporated*, Civil Action No. 2:03-74199 (hereinafter, the "Michigan Lawsuit"). In that action, the Fund sought delinquencies attributable to certain months within same the time period from which the claims at issue here arise.

5. A Consent Judgment was entered in the Michigan Lawsuit on July 14, 2005. The Consent Judgment resolved all of the Fund's claims for delinquent contribution for the months of June, July, November and December 2000, including the amounts sought as a result of the Fund's audit of October 2004. Consequently, in the instant action, the Fund seeks to recover all the contributions that the Fund's October 2004 audit discovered were due, except for contributions arising from June, July, November, and December 2000. A true and accurate copy of the Consent Judgment, dated July 14, 2005, is attached hereto as Exhibit "A" and incorporated by reference.

6. I have prepared a spreadsheet demonstrating how much the Defendant owes the Fund under ERISA, the Fund's Trust Agreement, and Fund's Collection Policy after these four months are removed from the total amount uncovered by the audit. After removing the contributions due for June, July, November, and December 2000, Qualicare owed $26,741.91 in contributions that were identified by the Fund's audit as owed but not paid. This amount also excludes the $74.58 overpayment identified in the audit. A true and accurate copy of the spreadsheet I prepared is attached hereto as Exhibit "B" and incorporated by reference.

7. Additionally, under ERISA, the Fund's Trust Agreement, and its Collection Policy, Qualicare owes interest and liquidated damages. The Trust Agreement and Section 5(2) of the Fund's Collection Policy provide that an employer delinquent in its contributions to the Fund is liable for interest at the rate of ten percent (10%) per annum, liquidated damages equal to five percent (5%) of the delinquent contribution prior to the commencement of legal action and thereafter equal to the greater of interest on the delinquent contributions or twenty percent (20%) of the delinquent contributions, costs of an audit, and attorneys' fees and costs.

8. Based upon the Collection Policy, I have determined that, excluding the delinquencies from June, July, November, and December 2000, the interest that has accrued on the delinquencies identified by the Fund's audit from the date of the delinquency through March 24, 2006 amounts to $10,508.47. Because $10,508.47, the amount of interest, is greater than $5,348.18, which is 20% of the amount of the delinquency, the Fund is entitled to double interest.

9. After including the testing fee, the total amount due is $48,933.44, plus attorney's fees.

Under penalty of perjury, I declare that the foregoing to be true and correct according to the best of my knowledge, belief, or memory.

Dated: *March 24, 2006*

*Joshua Grant*
Joshua Grant