**CLOSED**

**JUL 14 2005**

4

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

SERVICE EMPLOYEES INTERNATIONAL UNION )
NATIONAL INDUSTRY PENSION FUND, *et al.*, )
)
      **Plaintiffs,** )
)
v. )
)
ARISTA MANAGEMENT INC. d/b/a )
QUALICARE NURSING HOME INCORPORATED, )
)
      **Defendant.** )
)

**F I L E D**

**JUL 14 2005**

CLERK'S OFFICE
U. S. DISTRICT COURT
EASTERN MICHIGAN

Civil Action No. 2:03-74199



## CONSENT JUDGMENT AND ORDER

Upon agreement of the parties, Plaintiffs Service Employees International Union National Industry Pension Fund ("Fund"), et al. ("Plaintiffs") and Defendant Arista Management Inc. d/b/a Qualicare Nursing Home Incorporated ("Defendant"), to end this action as part of a settlement agreed to by said parties, hereby stipulate to entry of judgment in favor of Plaintiffs and against Defendants, as set forth herein:

WHEREFORE, judgment is hereby entered in favor of Plaintiffs and against Defendant; and it is

FURTHER ORDERED that Plaintiffs are awarded, and Defendant shall pay to Plaintiffs, $2,086.79 in delinquent monthly contributions remaining unpaid for June, July, November, and December 2000, and April 2005; and it is



**F I L E D**

**JUL 14 2005**

CLERK'S OFFICE
DETROIT

FURTHER ORDERED that Plaintiffs are awarded, and Defendant shall pay to Plaintiffs, $1,469.21 in interest accrued from the date a delinquent contribution was due through the date paid, or if unpaid through July 1, 2005, on delinquent monthly contributions due for June, July, November, and December 2000, March and May 2004, and April 2005; and it is

FURTHER ORDERED that Plaintiffs are awarded, and Defendant shall pay to Plaintiffs, $1,702.99 in liquidated damages due for delinquent monthly contributions for June, July, November, and December 2000, March and May 2004, and April 2005; and it is

FURTHER ORDERED that Plaintiffs are awarded, and Defendant shall pay to Plaintiffs, $5,137.68 in accrued interest and liquidated damages on previously delinquent contributions for various months, not including those listed above, which were not timely paid; and it is

FURTHER ORDERED that Plaintiffs are awarded, and Defendant shall pay to Plaintiffs, $9,235.40 in reasonable attorney fees and costs incurred in this action; and it is

FURTHER ORDERED that Plaintiffs are awarded, and Defendant shall pay to Plaintiffs, any additional interest at the rate of 10% per annum on the total of the amounts listed above, accrued from July 15, 2005 through the date the balance of all amounts due listed above are paid; and it is

FURTHER ORDERED that Defendant shall pay to Plaintiffs the total of the above-listed amounts in five equal monthly installments of $3,350.00 and a final monthly installment of $3,366.18, with the first payment due no later than July 15, 2005 and the last payment due no later than December 15, 2005; and it is

FURTHER ORDERED that Defendant shall pay the Plaintiffs any additional attorney's fees and costs incurred by Plaintiffs in enforcing Defendant's contribution obligations in effect during the periods covered in this action or to enforce or execute this Consent Judgment and Order; and it is

FURTHER ORDERED that Plaintiffs may seek a Supplemental Judgment or file a separate action to recover any additional contributions due, interest and liquidated damages thereon, and their attorney's fees and costs incurred in this action and Defendant reserves the right to defend and/or challenge any amounts alleged to be due; and it is

FURTHER ORDERED that, as agreed to by Plaintiffs and Defendant, this Judgment in no way compromises Plaintiffs' right to collect any additional amounts due, including contributions, accrued interest, liquidated damages, attorney's fees and costs, from Defendant for contributions during any period of Defendant's contribution obligation, excepting June, July, November, and December 2000, and Defendant reserves the right to defend and/or challenge any amounts alleged by Plaintiffs to be due during the aforementioned period; and it is

FURTHER ORDERED that this Consent Judgment and Order is subject to execution in any court of competent jurisdiction, and any and all terms of this Consent Judgment and Order may be enforced by Plaintiffs in any court of competent jurisdiction; and it is

FURTHER ORDERED, that should Defendant fail to comply with any terms of this Judgment and Order, Plaintiffs may reopen this case upon motion to this Court and notice to the Defendant, and may at that time ask for further appropriate and/or injunctive relief.

We ask for this:
For Plaintiffs Service Employees International
Union National Industry Pension Fund

Dated: July 13, 2005

John Canzano, Esq. ( P 30417 )
William Karges, Esq. ( P 57360 )
Klimist, McKnight, Sale, McClow & Canzano
400 Galleria Officentre, Suite 117
Southfield, Michigan  48034
248-354-9650 (Telephone)
248-354-9656 (Facsimile)

Thomas J. Hart, Esq.
Karen J. Ward, Esq.
SLEVIN & HART, P.C.
1625 Massachusetts Ave., N.W., Suite 450
Washington, D.C. 20036
202-797-8700 (Telephone)
202-234-8231 (Facsimile)

Counsel for Plaintiffs

For Defendant Arista Management Inc.
d/b/a Qualicare Nursing Home Incorporated

Dated: _July 8_, 2005

David Stobb, Esq. (P57432)
Ciena Healthcare Management, Inc.
4000 Town Center, Suite 380
Southfield, Michigan 48075
248-386-0300 (Telephone)
248-386-0314 (Facsimile)

Counsel for Defendant

SO ORDERED this 14th day of July, 2005.

United States District Judge