UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND <br><br> and <br><br> BOARD OF TRUSTEES OF THE SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND <br> 1343 L Street, N.W. <br> Washington, D.C. 20005, <br><br>     Plaintiff, <br><br> v <br><br> ARISTA MANAGEMENT INC. d/b/a QUALICARE NURSING HOME INCORPORATED, <br> 695 East Grand Boulevard <br> Detroit, Michigan 48207, <br><br>     Defendant. | Civil Case No.: 05cv1606(RJL) |

## DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

NOW COMES Defendant, ARISTA MANAGEMENT INC, d/b/a QUALICARE NURSING HOME INC, by and through its attorneys KITCH DRUTCHAS WAGNER VALITUTTI & SHERBROOK and JOHN LOWE, PC, and in its Response to Plaintiff's Motion for Summary Judgment and Memorandum in Support, states as follows:

1.     Defendant denies the allegations set forth in paragraph 1 of Plaintiffs' Motion for Summary Judgment for the reason that they are untrue.

2.     Defendant denies the allegations set forth in paragraph 2 of Plaintiffs' Motion for Summary Judgment for the reason that they are untrue.

1

3. Defendant denies the allegations set forth in paragraph 3 of Plaintiffs' Motion for Summary Judgment for the reason that they are untrue.

4. Defendant denies the allegations set forth in paragraph 4 of Plaintiffs' Motion for Summary Judgment for the reason that they are untrue.

5. Defendant denies the allegations set forth in paragraph 5 of Plaintiffs' Motion for Summary Judgment for the reason that they are untrue.

WHEREFORE, Plaintiffs' Motion for Summary Judgment should be denied and, furthermore, Plaintiffs case should be dismissed and Defendant is entitled to costs, interest, and reasonable attorneys' fees.

Respectfully submitted,

KITCH DRUTCHAS WAGNER
VALITUTTI & SHERBROOK

By: s/Karen B. Berkery

KAREN B. BERKERY (P38698)
Attorneys for Defendant ARISTA
MANAGEMENT INC. d/b/a
QUALICARE NURSING HOME
INCORPORATED
One Woodward Avenue, Suite 2400
Detroit, MI 48226-5485
313-965-7448
karen.berkery@kitch.com

s/John C. Lowe
John C. Lowe
John Lowe, P.C.
5920 Searl Terrace
Bethesda, MD  20816
Phone 301-320-5595
Fax 301-320-8878
johnlowe@johnlowepc.com
Co-counsel for Defendant Arista
Management Inc. d/b/a Qualicare
Nursing Home Inc.

Dated:  April 4, 2006

## DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Defendant respectfully opposes Plaintiffs' Motion for Summary Judgment and requests that Plaintiffs case be dismissed for the reasons set forth below.

### INTRODUCTION

Plaintiffs have filed their Motion for Summary Judgment based on alleged delinquent pension contributions by Defendant, Arista Management Inc. d/b/a Qualicare Nursing Home, Inc., hereinafter "Defendant" or "Qualicare". The contributions were deemed delinquent following an October, 2004, audit conducted by the Service Employees International Union National Industry Pension Fund (hereinafter "Plaintiff" or the "Fund"). The audit examined contributions made from January 2000, through December 2003, and the Fund alleged that Defendant owed some $28,801.39 in underpayments. This claim arises out of a dispute over this amount.

It is unclear exactly what Plaintiffs based their audit numbers on. However, under the Collective Bargaining Agreements ("CBAs") in effect at the time of the audit, Defendant was to pay pension contributions of a certain amount "**per hour worked** for each employee in the bargaining unit . . . " (Emphasis added), *see* Article XII, Section 7 of **Exhibit A** – 1998-2001 CBA, **Exhibit B**, 2001-2003 CBA. In addition, each CBA notes that "[a]ll new employees hired shall be considered probationary employees until the completion of sixty (60) calendar days from their date of hire. **After completion of the probationary period employees shall be considered permanent employees and entitled to the benefits of this Agreement.**" (Emphasis added). Thus, under the CBAs Defendant would pay a sum based on the hours worked *after* an employee

completed his or her sixty (60) day probationary period and would not include supervisors who are not "employees" under the CBA.

Plaintiffs rely upon, and have attached an Appendix to their Motion for Summary Judgment, that they identify as the Appendix to the 2001-2003 Agreement which states that contributions are to be made "per hours paid".  Plaintiffs' *Exhibit A* to their Motion for Summary Judgment.  This Appendix, however, is dated November 11, 2004, and is, in fact, the Appendix to the 2004-2006 CBA, not the 2001-2003, as Plaintiffs contend.  The Collective Bargaining Agreement for 2001-2003 states that pension contributions are to be made based upon hours worked, **Exhibit B**, Article XII, Section 7.  Therefore, Plaintiffs' calculations of underpayments utilizing an hours paid versus an hours worked formula is wrong.

Defendant notified the Fund of their error by letter dated August 31, 2005 (**Exhibit C**), but Plaintiffs have continued to insist that Defendant owes money based on an "hours paid" rather than "hours worked" basis.  Defendant submits that Plaintiffs' calculations are inaccurate, that Plaintiffs have failed to provide a scintilla of evidence to support their claims, and Defendant requests this Court deny Plaintiffs Motion for Summary Judgment and dismiss Plaintiff's claim with prejudice for failure to provide any evidence in support of its contentions.

**ARGUMENT**

I. **PLAINTIFFS' MOTION SHOULD BE DISMISSED BECAUSE THEIR CALCULATIONS ARE INACCURATE AND THE PENALTY PROVISION OF ERISA IS INAPPLICABLE BECAUSE DEFENDANT NEVER HAD NOTICE OF THE TRUST'S POLICIES.**

Plaintiffs contend that they are owed double interest under the Employee Retirement Income Security Act (ERISA) based on the supposed delinquent

contributions to Plaintiffs' pension fund.  The interest is calculated based on putative underpayments uncovered in an audit of the years 2000-2003.  As evidence of these underpayments Plaintiffs cite an Appendix to a CBA and an affidavit of the Fund auditor.  *Exhibit A* to Plaintiff's Motion for Summary Judgment.  However, the Appendix Plaintiffs rely on was not executed until 2004 and the Fund's auditor's affidavit indicates that she used the wrong standard as a basis for her calculations.  In short, there are substantial issues of material fact remaining in this suit and Summary Judgment in favor of Plaintiffs is wholly inappropriate.

> ***A. Plaintiffs have Erroneously Based its Delinquent Pension Calculations on "Hours Paid" Instead of "Hours Worked" Engendering an Improperly Inflated Calculation of the Amount of Money Owed Giving Rise to Genuine Issues of Material Fact Regarding the Amount Due.***

Plaintiffs have predicated their entire Motion for Summary Judgment on the wrong Appendix to the 2001-2003 CBA. *Exhibit A* to Plaintiff's Motion for Summary Judgment.  It appears Plaintiffs have erroneously taken the "per hours paid" language of the later Appendix and attempted to apply it retroactively to all pension contributions made from 2000-2003. **Exhibits A** and **B** – Section XII(7).  However, the CBAs at issue expressly state that contributions will be made **per hours *worked***.  **Exhibits A** and **B**.  The difference is Brobdingnagian.   The per "hours paid" calculations include sick days and vacation.  This adds a huge total to the amount of contributions.  It is no wonder that the auditors found substantial underpayments based on a "hours paid" calculation.  **But the "hours paid" calculation does not, and did not, apply to the years 2000-2003**.

In fact, the audit numbers are completely inaccurate; and, if it turns out that Defendant has paid all delinquencies before the lawsuit was filed in this case, the Plaintiffs' entire case would be rendered moot. ERISA only applies to "unpaid" contributions. 29 U.S.C. 1132, *see also ITPE-MEBA/NMU Funds v. United International Investigative Services*, 1991 U.S. Dist LEXIS 7201 (DC Circuit). Plaintiffs seek double damages and attorneys fees under ERISA; but, if there are no "unpaid" contributions then those provisions are not triggered. Issues of fact remain as to how much, if any, contributions are owed to Plaintiffs based on a proper calculation using an "hours worked" calculation for 2001-2003 based on the signed CBA. In sum, Plaintiffs are not entitled to Judgment as a matter of law under ERISA because it is unclear if there are any unpaid contributions under 29. U.S.C. 1132(g).

B. ***The Trust Agreement Purports to Confer Pension Benefit Rights on Employees Who Were Probationary Employees and not Yet Members of the Union and Therefore is Invalid And in Conflict with Defendant's CBA.***

Plaintiffs have also incorrectly stated that contributions are owed for probationary employees and supervisors. Under the CBA from 1998-2001 (**Exhibit A**) as well as the 2001-2003 CBA (**Exhibit B**), Article I, Section 3, all new employees are probationary for 60 days. Then, only "[a]**fter completion of the probationary period employees shall be considered permanent employees and entitled to the benefits of this Agreement.**" (Emphasis added).

Nevertheless, Plaintiffs' calculations take into account hours worked by supervisors and hours worked during the 60 day probationary period of new employees. Under Article I, Section 3, of the CBAs, this is clearly an incorrect calculation. The language indicates that only after the 60 days will benefits begin to accrue. During the

6

first 60 days the employees are not members of the bargaining unit.  For instance, a probationary employee could not file a grievance against his union during his first 60 days.  Likewise, he is not eligible for benefits conferred via a CBA during that time period.

Plaintiffs may argue that the Trust Statement of Policy for Collection of Delinquent Contributions (**Exhibit D**) may somehow confer retroactive rights on probationary employees.  However, such an interpretation is directly at odds with the express language of the CBAs. Article I, Section 3 **Exhibits A** and **B**.

Summary Judgment is not appropriate where two contractual provisions conflict. *Wyoming Avenue Cooperative Association v. Lee*, 345 A.2d 456, 461 (D.C.App.1975)(An ambiguity in a contract raises a genuine issue of material fact, precluding summary judgment). Plaintiffs have cited no authority to indicate that a Trust Agreement would  trump a CBA.  In fact, the general rule among the federal circuits is that a CBA must expressly reserve such powers to a Trust in order for the Trust to be able to promulgate rules which would supersede a CBA.  *Cent. Pa. Teamsters Pension Fund v. W&L Sales, Inc., 778 F. Supp. 820, 829 (E.D.Pa. 1991)*; *Banta Corp v Graphic Communications*, 2006 U.S. DIST LEXIS 853 36 Employee Benefits Cas. 2540, (2006 D. Minn.)(where an older CBA reserved powers to a Trust but a new CBA did not, summary judgment was inappropriate and the jury was to decide whether Trust Agreement trumped CBA).

In addition, under general contract rules, where a subsequent contractual clause is repugnant to a previous clause, the subsequent clause is disregarded.  *United States Bank, N.A. v. Koenig*, 650 N.W.2d 820 (N.D. 2002), *International Union of Operating*

*Engineers v. J. A. Jones Const. Co.*, 240 S.W.2d 49 (Ky. 1951). In this case, the CBAs came first and the Trust later adopted policies for collection. But the Trust has no authority to alter the essential terms of a CBA as no such authority was reserved to the Trust. Plaintiffs rely on the Appendix to the 2001-2003 to establish such authority, but as mentioned this is the wrong Appendix and is inapposite to the earlier CBA. Thus, the CBA does not reserve powers to the Trust and, construing the facts against the Plaintiffs, the CBA must govern for the purposes of this Motion. As such, under the CBA the Plaintiffs have made a tremendous miscalculation in their audit by including supervisors and probationary employees in their calculations.

    C. ***Defendant Did Not have Notice of the Trust's Policy Regarding the Dates Pension Benefits and Therefore Should Not be Able to Uphold an ERISA Penalty Provision.***

Even assuming that Plaintiffs' "new math" is somehow accurate, and that this court is somehow able to harmonize the conflicting provisions of the CBA and Collection Policy; Plaintiffs' Motion must still be denied because Plaintiff has not proved that Defendant ever had notice of Plaintiffs' oft-mentioned Trust Collection Agreement. Plaintiffs cannot hold Defendant liable for liquidated damages in a policy that Defendant never saw or had a chance to provide input on.

Under District of Columbia jurisprudence, a party "cannot be held to have knowledge that a binding agreement does in fact exist, at least in the absence of independent evidence of such knowledge." *Tuxedo Contractors, Inc. v. Swindell-Dressler Co.*, 198 U.S. App. D.C. 426 (D.C. Cir. 1979). Under this rule Plaintiffs cannot cry foul for any supposed late contributions after they drafted a collection policy

completely at odds with the Defendant's CBA and failed to provide the policy to Defendant.

## Conclusion

For the foregoing reasons Plaintiffs' Motion for Summary Judgment must fail as there are genuine issues of material fact remaining for the trier of fact in this matter and Plaintiffs case should be dismissed as Plaintiffs have failed to meet their burdens of proof and persuasion in this matter.

    Respectfully submitted,

    KITCH DRUTCHAS WAGNER
    VALITUTTI & SHERBROOK

By:  s/Karen B. Berkery

    KAREN B. BERKERY (P38698)
    Attorneys for Defendant ARISTA
    MANAGEMENT INC. d/b/a
    QUALICARE NURSING HOME
    INCORPORATED
    One Woodward Avenue, Suite 2400
    Detroit, MI 48226-5485
    313-965-7448
    karen.berkery@kitch.com

    s/John C. Lowe
    John C. Lowe
    John Lowe, P.C.
    5920 Searl Terrace
    Bethesda, MD  20816
    Phone 301-320-5595
    Fax 301-320-8878
    johnlowe@johnlowepc.com
    Co-counsel for Defendant Arista
    Management Inc. d/b/a Qualicare
Dated:  April 4, 2006    Nursing Home Inc.

DET02\1102933.1