UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND<br><br>and<br><br>BOARD OF TRUSTEES OF THE SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND<br>1343 L Street, N.W.<br>Washington, D.C. 20005,<br><br>    Plaintiff,<br><br>v<br><br>ARISTA MANAGEMENT INC. d/b/a QUALICARE NURSING HOME INCORPORATED,<br>695 East Grand Boulevard<br>Detroit, Michigan 48207,<br><br>    Defendant. | Civil Case No.: 05cv1606(RJL) |

## DEFENDANT'S CONCISE STATEMENT OF DISPUTED ISSUES OF MATERIAL FACT

NOW COMES Defendant, ARISTA MANAGEMENT INC, d/b/a QUALICARE NURSING HOME INC, by and through its attorneys KITCH DRUTCHAS WAGNER VALITUTTI & SHERBROOK and JOHN LOWE, PC, and in dispute of Plaintiffs' Statement of Undisputed Fact in its Motion for Summary Judgment and Memorandum in Support, Defendant states as follows for its Concise Statement of Disputed Issues of Material Fact:

1

I.  **Background**

1. Defendant does not dispute the facts as delineated in paragraph 1 of Plaintiffs' Undisputed Statement of Fact in its Motion for Summary Judgment.

2. Defendant does not dispute the facts as delineated in paragraph 2 of Plaintiffs' Undisputed Statement of Fact in its Motion for Summary Judgment.

3. Defendant does not dispute the facts as delineated in paragraph 3 of Plaintiffs' Undisputed Statement of Fact in its Motion for Summary Judgment.

4. Defendant does not dispute the facts as delineated in paragraph 4 of Plaintiffs' Undisputed Statement of Fact in its Motion for Summary Judgment.

5. Defendant does not dispute the facts as delineated in paragraph 5 of Plaintiffs' Undisputed Statement of Fact in its Motion for Summary Judgment.

6. Defendant does not dispute the facts as delineated in paragraph 6 of Plaintiffs' Undisputed Statement of Fact in its Motion for Summary Judgment.

7. Defendant denies the stated fact in paragraph 7 of Plaintiffs' Motion for Summary Judgment as it is untrue. The quoted language purports to be based on an Appendix to the 2001-2003 CBA and cites to Plaintiff's Wood Affidavit Exhibit A in Plaintiffs' Motion for Summary Judgment. The Appendix referenced in the Wood Affidavit, however, is dated November 9, 2004, and does not apply to the time period preceding 2004. Thus, Plaintiffs' have not provided any documentation in support of their audit calculations for the time period of 2000-2004. The clear language of the 2001-2003 CBA, attached as Exhibit B to Defendant's Opposition to Plaintiffs' Motion for Summary Judgment, section XII(7) clearly states that pension contributions are to be made per hours worked, not per hours paid as Plaintiffs contend. In fact, Plaintiffs have

provided no evidence in support of their argument that the pension contributions should have been paid on a per hours paid basis prior to 2004.  Thus, plaintiffs entire audit numbers are inaccurate and Summary Judgment is not appropriate.

8.      Defendant denies the statement of fact set forth in paragraph 8 of Plaintiffs' Statement of Undisputed Fact in their Motion for Summary Judgment as it is untrue.  Plaintiffs rely on the Affidavit of Lori Wood, to contend that Defendant was bound by an ancillary agreement in 2001-2003.  However, the Affidavit relies on the Appendix to the 2001-2003 CBA.  As noted above, Plaintiffs have not provided a copy of this Appendix and have, instead, attached the Appendix for the 2004-2006 CBA which is not at issue here.

9.      Defendant denies the statement of fact set forth in paragraph 9 of Plaintiffs' Statement of Undisputed Fact in their Motion for Summary Judgment as it is untrue.  Plaintiffs have not provided any documentation to support this allegation; and, as noted above, the Wood Affidavit does not rely upon contact language applicable to the years 2001-2003.  Plaintiffs bear the burden of proof in this matter and in a Motion for Summary Judgment facts are construed in favor of the non-moving party.  The express language of the (Section XII) does not bind Defendant to the terms of a Declaration of Trust.  *See* Exhibit B, Section XII of Defendant's Opposition to Plaintiffs' Motion for Summary Judgment.

10.     Defendant denies the statement of fact set forth in paragraph 10 of Plaintiffs' Statement of Undisputed Fact in their Motion for Summary Judgment as it is untrue.  Plaintiffs, as noted in paragraph 9 above, do not have support for the position that the Trust had any authority to adopt a Collection Policy which would be binding

upon Defendant. Plaintiffs have not produced any contract that would support this claim. See Exhibit B, Section XII(7) of Defendant's Motion for Summary Judgment.

      11.    Defendant denies the statement of fact set forth in paragraph 11 of Plaintiffs' Statement of Undisputed Fact in their Motion for Summary Judgment as it is untrue as applied to Defendant.  Defendant is not bound by the Trust Agreement as Plaintiffs have not provided the documentation to support its contention that Defendant ever agreed to be so bound.  See Exhibit B, Section XII(7) of Defendant's Motion for Summary Judgment.

      12.    Defendant denies the statement of fact set forth in paragraph 12 of Plaintiffs' Statement of Undisputed Fact in their Motion for Summary Judgment as it is untrue as applied to Defendant.  Defendant is not bound by the Trust Agreement as Plaintiffs have not provided the documentation to support its contention that Defendant ever agreed to be so bound.

**II.**    **The Audit**

      13.    Defendant denies the statement of fact set forth in paragraph 13 of Plaintiffs' Statement of Undisputed Fact in their Motion for Summary Judgment as it is untrue as applied to Defendant.  Defendant is not bound by the Trust Agreement as Plaintiffs have not provided the documentation to support its contention that Defendant ever agreed to be so bound.  In addition, the Fund's audit was based on a "per hours paid" basis rather than a "per hours worked" calculation as is set forth in the 2001-2003 CBA.  See Exhibit B to Defendant's Opposition to Plaintiff's Motion for Summary Judgment.

14. Defendant does not dispute the facts as delineated in paragraph 14 of Plaintiffs' Undisputed Statement of Fact in its Motion for Summary Judgment.

15. Defendant does not dispute the facts as delineated in paragraph 15 of Plaintiffs' Undisputed Statement of Fact in its Motion for Summary Judgment.

16. Defendant denies the statement of fact set forth in paragraph 16 of Plaintiffs' Statement of Undisputed Fact in their Motion for Summary Judgment as it is untrue as applied to Defendant. The actual "required hours" should have been calculated on an "per hours worked" basis rather than "per hours paid" as erroneously calculated by Plaintiffs.

17. Defendant denies the statement of fact set forth in paragraph 17 of Plaintiffs' Statement of Undisputed Fact in their Motion for Summary Judgment as it is untrue as applied to Defendant. Plaintiffs' rely, yet again, on the Appendix which they have not provided which, in turn, supposedly gives authority for the Trust to create a Collection Policy. In addition, Plaintiffs seek to count supervisors and probationary employees in their audit numbers. Under the express terms of the CBA these persons are not due benefits until the probationary period expires. See Article I, Section 3, Exhibit B to Defendant's Opposition to Plaintiff's Motion for Summary Judgment. In addition, supervisors are not "employees" under federal law.

18. Defendant denies the statement of fact set forth in paragraph 18 of Plaintiffs' Statement of Undisputed Fact in their Motion for Summary Judgment as it is untrue as applied to Defendant. Plaintiffs' rely on the Appendix which they have not provided which, in turn, supposedly gives authority for the Trust to create a Collection Policy. Plaintiffs seek to count supervisors and probationary employees in their audit

numbers. Under the express terms of the CBA these persons are not due benefits until the probationary period expires. See Article I, Section 3, Exhibit B to Defendant's Opposition to Plaintiff's Motion for Summary Judgment. In addition, supervisors are not "employees" under federal law. By way of further answer, the CBA requires a probationary period and the Trust Agreement (to which Defendant was not bound) purports to require payments to be made to probationary employees. To the extent that this provisions conflict the CBA trumps the Trust Agreement. At a minimum the conflict creates a genuine issue of material fact.

19. Defendant denies the statement of fact set forth in paragraph 19 of Plaintiffs' Statement of Undisputed Fact in their Motion for Summary Judgment as it is untrue. As stated, Plaintiffs' findings of "required hours" were based on improper calculations including probationary employees, supervisors, and was based on "per hours paid" rather than "per hours worked" as set out in the CBA. See Gibbs Affidavit, Exhibit D(2) ¶ 13, 14 attached to Plaintiffs' Motion for Summary Judgment.

20. Defendant denies the statement of fact set forth in paragraph 20 of Plaintiffs' Statement of Undisputed Fact in their Motion for Summary Judgment as it is untrue. As stated, Plaintiffs' findings of "required hours" were based on improper calculations including probationary employees, supervisors, and was based on "per hours paid" rather than "per hours worked" as set out in the CBA. *See* Exhibits A and B to Defendant's Opposition to Plaintiffs' Motion for Summary Judgment.

**III.   Qualicare's Failure to Pay the Amounts Found Due in the Audit**

21. Defendant denies the statement of fact set forth in paragraph 21 of Plaintiffs' Statement of Undisputed Fact in their Motion for Summary Judgment as it is untrue. As

stated, Plaintiffs' findings of "required hours" were based on improper calculations including probationary employees, supervisors, and was based on "per hours paid" rather than "per hours worked" as set out in the CBA. Furthermore, Defendant attempted to explain the error to Plaintiffs by letter. *See* Exhibit C to Defendants' Opposition to Plaintiffs' Motion for Summary Judgment.

22. Defendant denies the statement of fact set forth in paragraph 22 of Plaintiffs' Statement of Undisputed Fact in their Motion for Summary Judgment as it is untrue. As stated, Plaintiffs' findings of "required hours" were based on improper calculations including probationary employees, supervisors, and was based on "per hours paid" rather than "per hours worked" as set out in the CBA. *See* Exhibits A and B to Defendant's Opposition to Plaintiffs' Motion for Summary Judgment.

23. Defendant does not dispute the facts as delineated in paragraph 23 of Plaintiffs' Undisputed Statement of Fact in its Motion for Summary Judgment but objects as to its relevance to these proceedings.

24. Defendant does not dispute the facts as delineated in paragraph 24 of Plaintiffs' Undisputed Statement of Fact in its Motion for Summary Judgment but objects as to its relevance to these proceedings.

25. Defendant denies the statement of fact set forth in paragraph 25 of Plaintiffs' Statement of Undisputed Fact in their Motion for Summary Judgment as it is untrue. As stated, Plaintiffs' findings of "required hours" were based on improper calculations including probationary employees, supervisors, and was based on "per hours paid" rather than "per hours worked" as set out in the CBA. *See* Exhibits A and B to Defendant's Opposition to Plaintiffs' Motion for Summary Judgment.

26. Defendant denies the statement of fact set forth in paragraph 26 of Plaintiffs' Statement of Undisputed Fact in their Motion for Summary Judgment as it is untrue. Plaintiff has not provided any evidence to support its audit numbers. As stated, Plaintiffs' findings of "required hours" were based on improper calculations including probationary employees, supervisors, and was based on "per hours paid" rather than "per hours worked" as set out in the CBA. *See* Section XII(7) of Exhibits A and B to Defendant's Opposition to Plaintiffs' Motion for Summary Judgment. In addition, it is possible that, due to Plaintiffs' errors in calculations, that no money is owed to Plaintiffs at all. In this case, ERISA and the liquidated damages provision of the Trust Agreement (to which Defendant was not bound from 2001-2003) would be inapplicable.

27. Defendant denies the statement of fact set forth in paragraph 27 of Plaintiffs' Statement of Undisputed Fact in their Motion for Summary Judgment as it is untrue. Plaintiff has not provided any evidence to support its audit numbers. As stated, Plaintiffs' findings of "required hours" were based on improper calculations including probationary employees, supervisors, and was based on "per hours paid" rather than "per hours worked" as set out in the CBA. *See* Exhibits A and B to Defendant's Opposition to Plaintiffs' Motion for Summary Judgment. In addition, it is possible that, due to Plaintiffs' errors in calculations, that no money is owed to Plaintiffs at all. In this case, ERISA and the liquidated damages provision of the Trust Agreement (to which Defendant was not bound from 2001-2003) would be inapplicable.

28. Defendant denies the statement of fact set forth in paragraph 28 of Plaintiffs' Statement of Undisputed Fact in their Motion for Summary Judgment as it is untrue. Defendant never consented to pay the costs of an audit. Yet again, Plaintiffs

base this allegation on the purported Appendix to the 2001-2003 CBA which Plaintiffs have conveniently not attached.  The express language of the 2001-2003 CBA does not give the Trust authority to charge audit fees and Defendant was not bound to the Trust Agreement in 2001-2003.

29. Defendant denies the statement of fact set forth in paragraph 29 of Plaintiffs' Statement of Undisputed Fact in their Motion for Summary Judgment as it is untrue.  As stated, Plaintiffs' findings of "required hours" were based on improper calculations including probationary employees, supervisors, and was based on "per hours paid" rather than "per hours worked" as set out in the CBA.  *See* Exhibits A and B to Defendant's Opposition to Plaintiffs' Motion for Summary Judgment.

WHEREFORE, Defendant respectfully requests that this Honorable Court deny Plaintiffs' Motion for Summary Judgment and dismiss Plaintiffs' case for failure to show there are genuine issues of material fact in this matter.

    Respectfully submitted,

    KITCH DRUTCHAS WAGNER
    VALITUTTI & SHERBROOK

By:  s/Karen B. Berkery

    KAREN B. BERKERY (P38698)
    Attorneys for Defendant ARISTA
    MANAGEMENT INC. d/b/a
    QUALICARE NURSING HOME
    INCORPORATED
    One Woodward Avenue, Suite 2400
    Detroit, MI 48226-5485
    313-965-7448
    karen.berkery@kitch.com

Dated:  April 4, 2006
DET02\1103136.1

s/John C. Lowe
John C. Lowe
John Lowe, P.C.
5920 Searl Terrace

9

Bethesda, MD  20816
Phone 301-320-5595
Fax 301-320-8878
[johnlowe@johnlowepc.com](mailto:johnlowe@johnlowepc.com)
Co-counsel for Defendant Arista Management Inc. d/b/a Qualicare Nursing Home Inc.