UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SERVICE EMPLOYEE INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND et al., <br><br> Plaintiffs, <br><br> v. <br><br> ARISTA MANAGEMENT INC. d/b/a QUALICARE NURSING HOME INCORPORATED, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Civil Action No. 05-cv-01606(RJL) |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR
MOTION FOR SUMMARY JUDGMENT**

Plaintiff Service Employees International Union National Industry Pension Fund (the "Fund") and the Fund's Boards of Trustees (collectively "Plaintiffs") submit this Reply in support of their Motion for Summary Judgment.

**ARGUMENT**

**I.**   *Plaintiffs' Are Entitled to Summary Judgment on the Validity of the Audit's Findings*

    **A.**   *Based Upon the Unambiguous Language of the CBA, Qualicare Was Obligated, as a Matter of law, to Contribute Based Upon "Hours Paid," Not "Hours Worked," During the Audit Period*

Qualicare's primary argument is that summary judgment cannot be granted on the validity of the conclusions of the Fund's October 2004 audit because the Fund inappropriately based its findings on the "hours paid" to employees and not based upon "hours worked" by them. Qualicare argues that the applicable CBA did not require it to make contributions on "hours paid" during the audit period, which extended from January 2000 through December 2003. *See* Def. Opp. to Pla.

Mot. for Summ. J. at 4-5. Qualicare's argument must be rejected as a matter of law because it ignores the unambiguous language of the CBA.

The law of the D.C. Circuit is clear that "[i]n cases in which the dispositive issue involves the construction of a contract, summary judgment may be appropriate if the provisions of the contract are unambiguous." *Davis v. Chevy Chase Financial Ltd.*, 667 F.2d 160, 169 (D.C. Cir. 1981); *Am. First Inv. Corp. v. Goland*, 925 F.2d 1518, 1520 (D.C. Cir. 1991); *Farmland Indus., Inc. v. Grain Bd. of Iraq*, 904 F.2d 732, 736 (D.C. Cir. 1990). "[A]s with any contract, if its terms are unambiguous on their face, interpretation is considered a question of law appropriately resolved by this court." *See United States ex rel. DOL v. Insurance Co. of N. Am.*, 131 F.3d 1037, 1042 (D.C. Cir. 1997).

Furthermore, "it is settled that whether a contract term is ambiguous is a question to be determined by the court." *Barnstead Broadcasting Corp. v. Offshore Broadcasting Corp.*, 886 F. Supp. 874, 878 (D.D.C. 1995); *Carey Canada, Inc. v. California Union Ins. Co.*, 708 F. Supp. 1, 4 (D.D.C. 1989). "A contract provision is ambiguous 'if it is reasonably susceptible of different constructions, but it is not ambiguous merely because the parties later disagree on its meaning.'" *United States ex rel. DOL v. Ins. Co. of N. Am.*, 131 F.3d 1037, 1042 (D.C. Cir. 1997) (quoting *Bennett Enters., Inc. v. Domino's Pizza, Inc.*, 45 F.3d 493, 497 (D.C. Cir. 1995)).

Here, the CBA provides:

> <u>Section 3. Contributions.</u>
> (a)(1) As of May 1, 1999, the Employer agrees to contribute to the Fund an additional $.10 (10 cents) *per paid hour* (total $.20 per hour) for all employees covered by the Agreement, from the employee's initial date of employment (or any period up to but not in excess of one (1) year of employment) or May 1, 1999, which ever is later. Effective January 1, 2005, the Employer agrees to contribute to the

Fund an additional $.10 (10 cents) per paid hour (total $.30 per hour).

*See* Wood Aff., Ex. A, "Pension Appendix," dated November 11, 2004 (emphasis added); Gibbs Aff. ¶ 10.

The language is not "reasonably susceptible of different constructions." The provision expressly states that Qualicare "agrees to contribute to the Fund an additional $.10 (10 cents) per paid hour (total $.20 per hour) … ." The only reasonable construction of this provision is that it requires Qualicare to contribute "per hour paid …." It simply can cannot reasonably be construed to require Qualicare to pay only for "hours worked."

Qualicare argues that § 3 of the Pension Appendix cannot apply during the audit period because the Appendix was signed on November 11, 2004. This argument, however, again ignores the unambiguous language of the provision, which makes clear that the provision was intended to have retroactive application. Section 3 of the Pension Appendix expressly states that it applies "[a]s of May 1, 1999… ." This phrase is not susceptible to any interpretation other than that the provision was intended to apply retroactively.

Furthermore, the clear intent for retroactive application is confirmed by the remainder of the provision. Section 3 of the Pension Appendix provides that Qualicare's obligation to contribute applies as of "the employee's initial date of employment" or "May 1, 1999, which ever is later." This language would not be necessary if the provision did not apply prior to November 11, 2004. To the contrary, the clear purpose of this additional phrase is to confirm that the provision will apply no earlier than May 1, 1999. In the instance of an employee hired on May 1, 1998, for example, this phrase makes clear that Qualicare's obligation to contribute $.20 per hour paid begins on May 1, 1999, and not May 1, 1998. It is clear, therefore, that § 3 of the Pension Appendix contemplates

retroactive application as early as May 1, 1999, and Qualicare's argument that the provision is ambiguous lacks merit. As a matter of law, therefore, § 3 of the Pension Appendix applied during the audit period of January 2000 through December 2003.

Qualicare's final argument is that Section 3 of Qualicare's Pension Appendix is ambiguous because it conflicts with Article XII, § 7 of the CBA.[1] *See* Opp. to Pla. Mot. for Summ. J. at 7. This argument is unavailing as well because the argument is precluded by Section 7 of Qualicare's Pension Appendix. It is well-established that the issue of "[w]hether the provisions of a subsequent contract are deemed to supersede the provisions of a prior contract turns on the parties' intent which is ascertained from the contracts themselves when they are unambiguous." *See Schneider v. Dumbarton Developers, Inc.*, 767 F.2d 1007, 1015 (D.C. Cir. 1985) (citing *Jersey Central Power & Light Co. v. Local 327, IBEW*, 508 F.2d 687, 703 & n.44 (3rd Cir. 1975)).

Here, Section 7 of the Appendix directly states the parties' intent regarding the supersession of the Appendix. The provision states:

> In the event of any inconsistency between this Appendix and the Collective Bargaining Agreement, the terms of the Appendix shall prevail.

*See* Wood. Aff., Ex. A "Pension Appendix," § 7. To whatever extent Article XII, § 7 conflicts with § 3 of the Appendix, § 7 of the Appendix is clear that the Appendix prevails. Section 7 of the Appendix, therefore, eliminates as a matter of law any possibility for ambiguity caused by a conflict between the CBA and the Appendix.

In sum, the unambiguous language of the CBA, including the Pension Appendix, provides

---

[1] Article XII, § 7 of the CBA contains a pension contribution provision obligating the employer to contribute $.20 for each hour worked. *See* Wood Aff., Ex. A at 15.

that from January 2000 through December 2003, Qualicare was obligated to contribute at the rate of $.20 per "hour paid," not "hour worked." Because Plaintiffs have demonstrated this point as a matter of law, Qualicare's assertions that disputes of fact as to the meaning of the CBA prevent the grant of summary judgment must be rejected.

> **B.**   *Alternatively, Summary Judgment Should be Granted Because Qualicare Has Failed to Present Any Competent Summary Judgment Evidence of any Dispute as to the Meaning of the Appendix*

Federal Rule of Civil Procedure 56(e) provides

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). In its opposition to summary judgment, Qualicare failed to present any affidavits or other sworn testimony. Instead, Qualicare merely submitted copies of the CBA already provided by the Plaintiffs, along with an unsigned, unaddressed letter, dated August 31, 2005, which purported to respond, seven months later, to the Plaintiffs' letter of January 27, 2005.[2] *See* Def. Exs. A-D.

Even assuming, *arguendo*, that the terms of the Pension Appendix were ambiguous (which they are not), Qualicare has failed to present any competent summary judgment evidence of any other

---

[2]Because this letter, submitted as Defendant's Exhibit C, does not conform to Rule 56(e)'s requirements, it is subject to being stricken under Rule 56(e). The letter lacks any foundation, it contains unsworn statements, it cannot be determined to be a business record, it contains hearsay to which no exception applies, and its author and intended recipient are not even identified. The Plaintiffs accordingly move for to Court to strike, and otherwise disregard, this letter for failing to conform to Federal Rule of Civil Procedure 56(e).

possible reasonable intended meaning of the CBA's terms. Rather, Qualicare provides only bare denials—a course expressly prohibited by Rule 56(e). Consequently, even if another interpretation of the CBA and the Appendix were reasonably possible, Qualicare has failed to meet its burden of submitting even a scintilla of evidence in support of the alternative meeting. Thus, Plaintiffs are entitled to summary judgment on the independent ground that Qualicare has failed to submit any competent summary judgment evidence at all in opposition to the motion.

### C.   *The Fund Excluded Probationary Employees From the Conclusions of the Audit*

Qualicare argues that genuine disputes of fact exist as to the validity of the Fund's audit findings because the Fund improperly included probationary employees. However, this argument necessarily fails for the simple reason that the audit, in fact, does *not* include probationary employees.

Mariam Gibbs, who performed the Fund's audit, drafted a memo, dated December 10, 2004, describing how she conducted the audit. *See* Gibbs Aff., ¶ 15, Ex. B. The memo makes clear that Gibbs excluded both supervisors and probationary employees. The memo specifies that the CBA exludes "administrators, directors of nursing, registered nurses, guards, clerical employees, all licensed practical nurses, drivers and supervisors defined by the Act" and also excludes "probationary employees" who are not eligible to "the benefits of this Agreement" until "[a]fter completion of the probationary period." Gibbs Aff., Ex. B at 2. Thus, as Gibbs states in her Affidavit, she excluded employees who were identified by Diane Pancella, Qualicare's agent, as supervisors or probationary employees. *See* Gibbs Aff. ¶ 14.

Qualicare provides nothing to rebut this evidence. Although Qualicare asserts that "Plaintiffs have incorrectly stated that contributions are owed for probationary employees and supervisors[,]"

it cites to no affidavit, deposition, or any other evidence, competent or otherwise, to support the assertion. In reality, Plaintiffs do not make the statement that Qualicare attributes to them. Quite the contrary, Plaintiffs' evidence uniformly indicates that the Fund excluded supervisors and probationary employees from the audit.

In sum, Qualicare's argument that summary judgment should be denied because probationary employees inappropriately were included in the audit is completely unsupported, and the uncontested evidence submitted by Plaintiffs demonstrates that probationary employees and supervisors were excluded from the audit. Accordingly, Qualicare's argument relating to probationary employees provides no basis for denying the Plaintiffs' motion for summary judgment.

### D. *Qualicare Is Bound to the Collection Policy*

Qualicare argues that it was not bound to the Fund's Collection Policy. Although the purpose of this contention is not entirely clear, Qualicare appears to make this argument in response to an anticipated argument from Plaintiffs that the Collection Policy required Qualicare to make contributions on probationary employees. *See* Opp. to Pla. Mot. for Summ. J. at 6 ("Plaintiffs may argue that the Trust Statement of Policy of Collection of Delinquent Contributions may somehow confer retroactive rights on probationary employees."). Because, as demonstrated above, Plaintiffs' audit findings did not seek contributions for probationary employees, the Defendant's contention appears to be irrelevant.

In any event, the Defendant's contention also is erroneous because Qualicare is bound to the Collection Policy. Section 4 of the Pension Appendix expressly provides that "[t]he Employer hereby agrees to be bound by the provisions of the Agreement and Declaration of Trust establishing the Fund, as it may from time to time be amended, and by all resolutions and rules adopted by the

Trustees pursuant to the powers delegated to them by that Agreement, including collection policies, receipt of which is hereby acknowledged." *See* Wood Aff., Ex. A "Pension Appendix," § 4. This provision unambiguously binds Qualicare to the Collection Policy.

Although Qualicare argues that it cannot be bound to the Collection Policy because a copy of the Policy was not provided to it, the argument is devoid of merit. First, Qualicare is precluded from making the argument by § 4 of the Pension Appendix. Section 4 provides that Qualicare "expressly acknowledge[d]" receipt of "all resolution and rules adopted by the Trustees … including collection policies …." Wood. Aff. Ex. A, "Pension Appendix," at 1. Accordingly, Qualicare is bound, as a matter of law, to the Fund's Collection Policy, regardless of its allegation of non-receipt.

Second, Qualicare has failed to adduce any evidence, competent for summary judgment or otherwise, supporting its assertion that it failed to receive a copy of the collection policy. Therefore, Qualicare has failed to raise a genuine dispute of fact on this issue.

Accordingly, based upon both of these considerations, Qualicare has failed to show that summary judgment should not be awarded.

## II.     *Defendant's Request for Dismissal Is Untimely and Premature*

At the close of its opposition, Qualicare states that "Plaintiffs['] case should be dismissed as Plaintiffs have failed to meet their burdens of proof and persuasion in this matter." Def. Opp. to Pla. Mot. for Summ. J. at 9. This request should be denied on several grounds. First, the request is improper and untimely. Qualicare failed to move for summary judgment. Thus, it is not entitled to judgment on its defenses. Even if Qualicare's opposition could be construed as a motion for summary judgment (which it cannot), the motion nevertheless is untimely. It was filed after March 24, 2006, the deadline for filing dispositive motions to which the parties agreed in their Meet &

Confer Statement.  *See* Doc. # 6.

Second, the request should be denied on the merits.  Qualicare fails to present any evidence competent for summary judgment as required by Federal Rule of Civil Procedure 56(e) in support of its defenses.  Furthermore, Plaintiffs' evidence in support of summary judgment is uncontested, and Defendant has failed to create any genuine disputes of material fact.  Accordingly, rather than dismissing the action, Plaintiffs' respectively suggest that the Court properly should award the Plaintiffs' summary judgment on their claim.

### III.    *Plaintiffs' Are Entitled to Complete Relief*

Qualicare's only arguments against summary judgment were based upon its assertions that Plaintiffs' audit improperly included "hours paid" and probationary employees.  As Qualicare fails to dispute Plaintiffs' entitlement to any other form of requested relief, and because both of its arguments against summary judgment are erroneous, Plaintiffs are entitled to interest, liquidated damages, and the testing fee as demonstrated in their initial brief supporting summary judgment.

**CONCLUSION**

Based upon the foregoing, the Plaintiffs' motion for summary judgment is due to be granted. Judgment in the amount of $48,933.44 should be entered, with leave given for Plaintiffs to submit a showing in support of a reasonable attorney's fee award in this action.

Dates: April 18, 2006

                                                              /s/
Thomas J. Hart
Slevin & Hart, P.C.
1625 Massachusetts Avenue, NW
Suite 450
Washington DC 20036
(202) 797-8700 (tel)
(202) 234-8231 (fax)

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

      I certify that on this 18th day of April, 2006, I caused the foregoing Plaintiffs' Reply in Support of Motion for Summary Judgment to be served by electronic filing notification and by first class mail to:

>Karen Berkery, Esq.
>Kitch, Drutchas, Wagner, Valitutti & Sherbrook
>One Woodward Avenue, Suite 2400
>Detroit, MI 48226-5485
>
>John C. Lowe
>John Lowe, P.C.
>5920 Searl Terrace
>Bethesda, MD 20816
>
>Attorneys for Defendant

>      /s/
>Gloria James

H:\Clients\0310\112\Motions\Pla Motion Summ J\Reply Brief.wpd