UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND<br><br>and<br><br>BOARD OF TRUSTEES OF THE SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND<br>1343 L Street, N.W.<br>Washington, D.C.  20005,<br><br>    Plaintiff,<br><br>v<br><br>ARISTA MANAGEMENT INC. d/b/a QUALICARE NURSING HOME INCORPORATED,<br>695 East Grand Boulevard<br>Detroit, Michigan 48207,<br><br>    Defendant. | Civil Case No.:  05cv1606(RJL) |

**DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S REPLY BRIEF FOR LATE FILING AND ADDITIONS OF NEW ARGUMENTS**

NOW COMES Defendant, ARISTA MANAGEMENT INC, d/b/a QUALICARE NURSING HOME INC, by and through its attorneys KITCH DRUTCHAS WAGNER VALITUTTI & SHERBROOK  and JOHN LOWE, PC, and in its Response to Plaintiff's Motion for Summary Judgment and Memorandum in Support, states as follows:

    1.    The Dispositive Motion cutoff in this case was March 24, 2006.

    2.    On March 24, 2006, Plaintiffs filed a Motion for Summary Judgment in the current matter.

3. On April 4, 2006, Defendant filed its Opposition to Plaintiffs' Motion for Summary Judgment.

4. On April 18, 2006, after the five day time period allowed for the filing of Reply Memoranda under LCvR 7, Plaintiffs filed their Reply in Support of Their Motion for Summary Judgment.

5. LCvR 7(h), states that, "[e]ach motion for summary judgment shall be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue . . . ."

6. In their Motion for Summary Judgment, Plaintiffs, *inter alia*, argued that there was no genuine issue of material fact because the three CBAs at issue during the period of the Plaintiffs' audit supposedly indicated that Defendant should have been paying employee pension contributions on a "per hours paid" basis rather than "per hours worked."

7. In its Opposition Memorandum, Defendant noted that Plaintiffs have failed to show a single document supporting their contention that contributions should have been made on a "per hours paid" basis. *See* Defendant's Concise Statement of Genuine Issues of Material Fact at 2, ¶ 7.

8. Defendant further noted that the Appendix upon which Plaintiffs rely was not signed until November 11, 2004. S*ee* Defendant's Opposition Memorandum of Points and Authorities at 4.

9. In their Reply, Plaintiffs changed their position from arguing that there is no genuine issue of material fact because the CBAs indicated Defendant should contribute to the pension based on "per hours paid;" and now Plaintiffs argue there is no

genuine issue of material fact because the November 2004 Appendix applies retroactively to the audit conducted in October 2004, one month before the execution of the Agreement upon which Plaintiffs so heavily rely.

WHEREFORE, Defendant requests that this Court Strike Plaintiffs Reply as the arguments were not raised in its original Motion for Summary Judgment; or, in the alternative, Plaintiffs Reply should be treated as a new Motion for Summary Judgment based on the new issues of fact raised in its Brief; and because it is after the dispositive motion cutoff, should be stricken as it was untimely filed.

                              Respectfully submitted,

                              KITCH DRUTCHAS WAGNER
                              VALITUTTI & SHERBROOK

By:  s/Karen B. Berkery

KAREN B. BERKERY (P38698)
Attorneys for Defendant ARISTA MANAGEMENT INC. d/b/a QUALICARE NURSING HOME INCORPORATED
One Woodward Avenue, Suite 2400
Detroit, MI 48226-5485
313-965-7448
karen.berkery@kitch.com


s/John C. Lowe
John C. Lowe
John Lowe, P.C.
5920 Searl Terrace
Bethesda, MD  20816
Phone 301-320-5595
Fax 301-320-8878
johnlowe@johnlowepc.com
Co-counsel for Defendant Arista Management Inc. d/b/a Qualicare Nursing Home Inc.

Dated: April 24, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND<br><br>and<br><br>BOARD OF TRUSTEES OF THE SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND<br>1343 L Street, N.W.<br>Washington, D.C.  20005,<br><br>    Plaintiff,<br><br>v<br><br>ARISTA MANAGEMENT INC. d/b/a QUALICARE NURSING HOME INCORPORATED,<br>695 East Grand Boulevard<br>Detroit, Michigan 48207,<br><br>    Defendant. | Civil Case No.:  05cv1606(RJL) |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STRIKE PLAINTIFF'S REPLY BRIEF FOR LATE FILING AND ADDITIONS OF NEW ARGUMENTS**

**CONCISE STATEMENT OF FACTS**

Plaintiffs filed their Motion for Summary Judgment on March 24, 2006, the last day dispositive motions could be filed in this matter. *See* Joint Meet and Confer Statement.  Due to confusion over whether Defendant had 11 days to file its Opposition (as per local rules) or 21 days  (as per the Meet and Confer statement), Defendant called this Court and was informed that a Meet and Confer Statement, where no Order was entered, would not trump the local court rules.  As such,  Defendant timely filed its

Opposition on April 4, 2006. On April 18, 2006, Plaintiff filed its Reply in Support of its Motion for Summary Judgment. Plaintiffs Reply was filed 14 days after Defendants Opposition was filed. Under LCvR 7, Plaintiffs only had five days to file a Reply.

In Plaintiffs' March 24, Motion for Summary Judgment, Plaintiffs argued that there were three CBAs (Plaintiffs' Memorandum of Law in Support of its Motion for Summary Judgment at 5, ¶ 6) and that "[u]nder all agreements, Qualicare's pension contribution obligation remained the same for the period from January 2000 through December 2003." (Plaintiffs' Memorandum of Law in Support of Their Motion for Summary Judgment at 5 ¶ 7). In support of this point, Plaintiffs cited Exhibit A of the Gibbs Affidavit attached to their Motion as Exhibit 1. Exhibit A of the Gibbs Affidavit, however, is an Appendix signed on November 11, 2004. Defendant pointed this fact out in its April 4, Memorandum in Opposition to Plaintiffs' Summary Judgment Motion.

In their April 18, 2006, Reply, Plaintiffs changed their argument. They cited the same 2004 Appendix, but now instead of arguing that, "under all agreements, Qualicare's pension contribution remained the same," they now state that:

> Qualicare argues that § 3 of the Pension Appendix cannot apply during the audit period because the Appendix was signed on November 11, 2004. This argument, however, again ignores the unambiguous language of the provision, which makes it clear that the provision was intended to have retroactive application.

Plaintiffs' Reply in Support of its Motion for Summary Judgment at 3.

Defendant now brings this Motion to Strike based on the new argument Plaintiffs raised in their Reply and the lateness of their filing.

**ARGUMENT**

I. **PLAINTIFFS REPLY BRIEF CONTAINS NEW STATEMENTS OF FACT TO WHICH PLAINTIFFS CONTEND THERE IS NO GENUINE ISSUE; AND, AS SUCH, SHOULD BE STRICKEN FROM THE RECORD; OR, IN THE ALTERNATIVE, BE VIEWED AS A NEW MOTION FOR SUMMARY JUDGMENT.**

The general rule regarding Motions for Summary Judgment, under LCvR 7(h), is that, "[e]ach motion for summary judgment shall be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue . . . ." In Plaintiffs' Motion for Summary Judgment, Plaintiffs argued that the Appendix to the 2001-2003 CBA formed the basis for the October 2004 audit of Defendant. In its Opposition Memorandum, Defendant pointed out that Plaintiffs had not provided the Appendix to the 2001-2003 CBA but instead an Appendix signed in November 2004. In their Reply Memorandum, Plaintiffs then completely changed their argument and alleged that the 2004 Appendix somehow applied retroactively to the 2001-2003 period. Plaintiffs failed to mention that the *November* 2004 Appendix was not even in existence at the time the *October* 2004 audit was conducted. Nevertheless, the fact remains that the argument is completely new and a complete departure from the supposed statement of material facts to which Plaintiffs previously contended there was no genuine issue.

Plaintiffs' argument is so new that it should be stricken from the record as Plaintiffs should have raised their arguments in their Motion for Summary Judgment. In the alternative, the Motion should be treated as a new motion for Summary Judgment under FRCP 56 and LCvR 7(h). Plaintiffs' Reply Brief effectively raises new statements fact to which Plaintiffs contend there is no genuine issue. Namely, that the 2004

Appendix applies retroactively rather than alleging that the CBAs from 1998-2003 all state that contributions should be made on a "per hours paid" basis.

It is unfair to Defendant to allow Plaintiff to file a Motion for Summary Judgment based on one argument; then, following Defendant's Opposition, totally change its argument which gives Defendant no chance to respond. If the Motion were granted based on Plaintiffs new arguments Defendant would be foreclosed from arguing against that same argument on appeal since the argument was not raised below. As such, the new arguments should either be stricken from the record or the Motion treated as a new Motion for Summary Judgment which is time barred.

**II.    PLAINTIFFS' REPLY WAS FILED LATE UNDER THE DISTRICT OF COLUMBIA LOCAL RULES AND SHOULD BE STRICKEN.**

LCvR 7 states that "[w]ithin five days after service of the memorandum in opposition the moving party may serve and file a reply memorandum." Therefore, in the current matter, Plaintiffs Reply to Defendant's Opposition was untimely filed and should be stricken.

Plaintiffs may argue that the Meet and Confer Statement, entered November 9, 2005, trumps the local rules. However, Defendant was informed by this Court that the Meet and Confer was *not* to be relied on in terms of due dates for response memoranda and that the Local Court Rules would govern unless an order had been entered to the contrary.

Moreover, this Court's Case Management Order belies such an argument. In the Case Management Order, entered August 17, 2005, Motions for extension of time to file pleadings are clearly delineated; to wit:

> Motions for extension of time to file pleadings are strongly discourage unless both parties consent.  Counsel seeking an extension of time must file a written motion and a proposed order.  Such a motion must include:
> a.  the number of previous extensions requested and granted to each party;
> b.  the specific ground(s) for the motion; a statement of the effect that the Court's granting of the motion will have on all other previously scheduled deadlines;
> c.  in cases where the motion seeks to extend the deadline for a dispositive motion, a suggested timeline for the filing of the opposition and reply; and
> d.  pursuant to Local Civil Rule 7(m), the moving party shall include a statement of opposing counsel's position on the motion.
> Failure to comply with the Local Civil Rules or this Order may result in rejection of the request.  The Court grants such motions only upon a showing of good cause, focusing on the diligence of the party seeking the continuance and any prejudice that may result if the Court denies the continuance.

In the current matter no Motion was made to extend filing deadlines in this case and no order was entered regarding same.  Under the express language of the Case Management Order, the only way to extend the filing deadline of filing of pleadings or papers is via a motion which includes the above specific factors.  No such motion was made in this case.

In addition, the Meet and Confer Statement filed and entered on November 9, 2005, was based on the original Complaint filed in this matter.  However, Plaintiffs filed a subsequent Amended Complaint on January 18, 2006, and no Meet and Confer Statement was entered regarding the new Complaint.  Therefore, neither party had any basis to rely on a 21 day time period to file Response Memoranda.

**CONCLUSION**

For the foregoing reasons Defendant requests this Court strike Plaintiffs' Reply.

                                           Respectfully submitted,

                                           KITCH DRUTCHAS WAGNER
                                           VALITUTTI & SHERBROOK

                                           By:  s/Karen B. Berkery

                                           KAREN B. BERKERY (P38698)
                                           Attorneys for Defendant ARISTA
                                           MANAGEMENT INC. d/b/a
                                           QUALICARE NURSING HOME
                                           INCORPORATED
                                           One Woodward Avenue, Suite 2400
                                           Detroit, MI 48226-5485
                                           313-965-7448
                                           karen.berkery@kitch.com


                                           s/John C. Lowe
                                           John C. Lowe
                                           John Lowe, P.C.
                                           5920 Searl Terrace
                                           Bethesda, MD  20816
                                           Phone 301-320-5595
                                           Fax 301-320-8878
                                           johnlowe@johnlowepc.com
                                           Co-counsel for Defendant Arista
                                           Management Inc. d/b/a Qualicare
Dated: April 24, 2006                    Nursing Home Inc.

DET02\1106938.1