UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND<br><br>and<br><br>BOARD OF TRUSTEES OF THE SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND<br>1343 L Street, N.W.<br>Washington, D.C. 20005,<br><br>    Plaintiff,<br><br>v<br><br>ARISTA MANAGEMENT INC. d/b/a QUALICARE NURSING HOME INCORPORATED,<br>695 East Grand Boulevard<br>Detroit, Michigan 48207,<br><br>    Defendant. | Civil Case No.: 05cv1606(RJL) |

## ORDER

1.    Defendant, ARISTA MANAGEMENT INC, d/b/a QUALICARE NURSING HOME INC, by and through its attorneys KITCH DRUTCHAS WAGNER VALITUTTI & SHERBROOK and JOHN LOWE, PC, and in its Response to Plaintiffs' Motion for Summary Judgment and Memorandum in Support, moved the Court for an Order striking the Reply of Plaintiffs on two grounds.

1.    On April 4, 2006, Defendant filed its Opposition to Plaintiffs' Motion for Summary Judgment.

2. On April 18, 2006, after the five day time period allowed for the filing of Reply Memoranda under LCvR 7, Plaintiffs filed their Reply in Support of Their Motion for Summary Judgment.

3. LCvR 7(h), states that, "[e]ach motion for summary judgment shall be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue . . . ."

4. In their Motion for Summary Judgment, Plaintiffs, *inter alia*, argued that there was no genuine issue of material fact because the three CBAs at issue during the period of the Plaintiffs' audit supposedly indicated that Defendant should have been paying employee pension contributions on a "per hours paid" basis rather than "per hours worked."

5. In its Opposition Memorandum, Defendant noted that Plaintiffs have failed to show a single document supporting their contention that contributions should have been made on a "per hours paid" basis. *See* Defendant's Concise Statement of Genuine Issues of Material Fact at 2, ¶ 7.

6. Defendant further noted that the Appendix upon which Plaintiffs rely was not signed until November 11, 2004. S*ee* Defendant's Opposition Memorandum of Points and Authorities at 4.

7. In their Reply, Plaintiffs changed their position from arguing that there is no genuine issue of material fact because the CBAs indicated Defendant should contribute to the pension based on "per hours paid;" and now Plaintiffs argue there is no genuine issue of material fact because the November 2004 Appendix applies

retroactively to the audit conducted in October 2004, one month before the execution of the Agreement upon which Plaintiffs so heavily rely.

8.  The aforesaid argument was not raised in its original Motion for Summary Judgment and should be stricken for that reason.

9.  In addition, if Plaintiff's Reply is treated as a new Motion for Summary Judgment based on the new issues of fact raised in its Brief, it should be stricken as untimely filed, since it was filed after the dispositive motion cutoff.

ACCORDINGLY, so much of the Reply as raises issues not raised in the Motion for Summary Judgment or Opposition is stricken.

SO ORDERED:

_____      _____
Date                                              United States District Judge