UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND<br><br>and<br><br>BOARD OF TRUSTEES OF THE SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND<br>1343 L Street, N.W.<br>Washington, D.C.  20005,<br><br>    Plaintiff,<br><br>v<br><br>ARISTA MANAGEMENT INC. d/b/a QUALICARE NURSING HOME INCORPORATED,<br>695 East Grand Boulevard<br>Detroit, Michigan 48207,<br><br>    Defendant. | Civil Case No.:  05cv1606(RJL) |

**DEFENDANT'S MOTION FOR LEAVE TO FILE A SUR-REPLY MEMORANDUM IN RESPONSE TO PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

NOW COMES Defendant, ARISTA MANAGEMENT INC, d/b/a QUALICARE NURSING HOME INC, by and through its attorneys KITCH DRUTCHAS WAGNER VALITUTTI & SHERBROOK and JOHN LOWE, PC, and in its Motion for Leave to File a Sur-Reply to Plaintiffs' Reply to Defendant's Memorandum in Opposition of Plaintiffs' Motion for Summary Judgment, states as follows:

1. On March 24, 2006, Plaintiffs filed a Motion for Summary Judgment in the current matter.

2.  In their Motion for Summary Judgment, Plaintiffs, *inter alia*, argued that the three CBAs at issue during the period of the Plaintiffs' audit indicate that Defendant should have been paying employee pension contributions on a "per hours paid" basis rather than "per hours worked."

3.  On April 4, 2006, Defendant filed its Opposition to Plaintiffs' Motion for Summary Judgment.

4.  In its Opposition Memorandum, Defendant noted that Plaintiffs have failed to show a single document supporting their contention that contributions should have been made on a "per hours paid" basis. *See* Defendant's Concise Statement of Genuine Issues of Material Fact at 2, ¶ 7;

5.  Defendant further noted that the Appendix upon which Plaintiffs rely was not signed until November 11, 2004. S*ee* Defendant's Opposition Memorandum of Points and Authorities at 4.

6.  On April 18, 2006, Plaintiffs filed their Reply in Support of Their Motion for Summary Judgment.

7.  In their Reply, Plaintiffs changed their position away from arguing that all CBAs indicated Defendant should contribute to the pension based on "per hours paid" and now argues that the November 2004 Appendix applies retroactively to the audit period.

8.  The audit in this case took place on October 4-7, 2004. *See* Plaintiff's Memorandum of Law in Support of its Motion for Summary Judgment at 7, ¶ 14.

9.  The Appendix relied on by Plaintiffs was not signed until November 11, 2004. *See* Plaintiffs' Exhibit 1(A) attached to their Motion for Summary Judgment.

10. Even if the November, 2004, Appendix had retroactive application it could not be the basis of the October 2004 audit.

11. Plaintiffs have attempted to "sandbag" Defendant by making the argument that the 2004 Appendix applies retroactively when that was not the argument Plaintiffs made in their Motion for Summary Judgment.

12. Without a Sur-Reply, Defendant will not be able to address Plaintiffs' new arguments.

WHEREFORE, Defendant requests leave to file a Sur-Reply to address the new arguments raised by Plaintiffs in their Reply in Support of Their Motion for Summary Judgment.

                                     Respectfully submitted,

                                     KITCH DRUTCHAS WAGNER
                                     VALITUTTI & SHERBROOK

By: s/Karen B. Berkery

                                     KAREN B. BERKERY (P38698)
                                     Attorneys for Defendant ARISTA
                                     MANAGEMENT INC. d/b/a
                                     QUALICARE NURSING HOME
                                     INCORPORATED
                                     One Woodward Avenue, Suite 2400
                                     Detroit, MI 48226-5485
                                     313-965-7448
                                     karen.berkery@kitch.com

                                     s/John C. Lowe
                                     John C. Lowe
                                     John Lowe, P.C.
                                     5920 Searl Terrace
                                     Bethesda, MD  20816
                                     Phone 301-320-5595
                                     Fax 301-320-8878
                                     johnlowe@johnlowepc.com

Dated:                            Co-counsel for Defendant Arista

Management Inc. d/b/a Qualicare Nursing Home Inc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SERVICE EMPLOYEES <br> INTERNATIONAL UNION NATIONAL <br> INDUSTRY PENSION FUND <br><br> and <br><br> BOARD OF TRUSTEES OF THE <br> SERVICE EMPLOYEES <br> INTERNATIONAL UNION NATIONAL <br> INDUSTRY PENSION FUND <br> 1343 L Street, N.W. <br> Washington, D.C.  20005, <br><br>     Plaintiff, <br><br> v <br><br> ARISTA MANAGEMENT INC. d/b/a <br> QUALICARE NURSING HOME <br> INCORPORATED, <br> 695 East Grand Boulevard <br> Detroit, Michigan 48207, <br><br>     Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Case No.:  05cv1606(RJL) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE A SUR-REPLY IN RESPONSE TO PLAINTIFFS' REPLY IN SUPPORT OF  PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Defendant, Arista Management Inc., d/b/a Qualicare Nursing Home, Inc., ("Defendant") submits this Memorandum Points and Authorities in support of its motion to file a Sur-Reply to Plaintiffs' Reply in Support of Their Motion for Summary Judgment.

**CONCISE STATEMENT OF FACTS**

On March 24, 2006, Plaintiffs filed their Motion for Summary Judgment in the current matter.  In its Motion, Plaintiffs argued that summary judgment would be proper because of an Appendix identified as the Appendix to the 2001-2003 CBA.   Based on

this Appendix, Plaintiffs argued, the language of the CBA was unambiguous and applied to the period from 2000-2003 which was covered in the Plaintiffs audit conducted October 4-7, 2004.  See Plaintiffs' Memorandum of Law in Support of its Motion for Summary Judgment at 4-5, ¶¶ 6-7.

On April 4, 2006, Defendant filed an Opposition to Plaintiff's Motion for Summary Judgment.  In its Opposition, Defendant pointed out that the Appendix which purportedly corresponded to the 2001-2003 CBA is actually is the Appendix to the 2004-2006 CBA and was not signed until November 11, 2004—more than one month *after* the audit was conducted.

In Plaintiffs' Reply, filed April 18, 2006, Plaintiffs have completely changed their argument.  They still maintain that the Appendix language is unambiguous; however, now Plaintiffs claim that the Appendix was not part of the 2001-2003 CBA as they originally stated (*see* Plaintiffs' Memorandum of  Law in Support of Their Motion for Summary Judgment at 5, ¶ 6-7); but, instead, is a document that applies retroactively to the audit period.   *See* Plaintiff's Reply in Support of Their Motion for Summary Judgment at 3.

Defendant brings this Motion for Leave to File a Sur-Reply in order to answer the new retroactive-application-of-the-2004-CBA argument.  In addition, Defendant seeks costs and reasonable attorneys' fees for being forced to file a Sur-Reply in lieu of Plaintiffs' inclusion of their arguments in their original Motion.

**ARGUMENT**

I. **THIS COURT SHOULD GRANT DEFENDANT'S LEAVE TO FILE A SUR-REPLY BECAUSE PLAINTIFFS HAVE "SANDBAGGED" DEFENDANT BY RAISING NEW ARGUMENTS IN THEIR REPLY BRIEF.**

Plaintiffs filed a Motion for Summary Judgment for monies supposedly owed based on an October 2004 audit. Plaintiffs argued there was no genuine issue of material fact because of the language of an Appendix which they claimed was appended to the 2001-2003 CBA. However, Defendant's Opposition Memorandum pointed out that the Appendix was dated November 11, 2004, one month after the audit was conducted. In their Reply, Plaintiffs have now completely changed their argument and claim that the Appendix was not actually part of the 2001-2003 CBA; but, instead, it is a retroactive contract. Under the rules of the District of Columbia, Defendant requests leave of this Court to file a Sur-Reply to answer the new arguments raised in Plaintiffs' Reply.

The rule regarding leave to file a Sur-Reply was succinctly summarized in the case of *GFL Advantage Fund, Ltd. v. Colkitt*, 216 F.R.D. 189, 197 (D.D.C. 2003), to wit:

> Our local rules contemplate only three filings when a motion is filed, the motion, the opposition and the reply to the opposition. If the last pleading filed, the reply, raises new matters, then the opponent may be 'sandbagged' by not being able to answer a contention that appeared for the first time in the reply. Hence, the standard in this court for granting leave to file a sur-reply is "whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply."

Citing *Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001); *Robinson v. The Detroit News, Inc.*, 211 F. Supp. 2d 101, 112 (D.D.C. 2002).

In their Motion for Summary Judgment, Plaintiffs argued that there were three CBAs (Plaintiffs' Memorandum of Law in Support of its Motion for Summary Judgment at 5, ¶ 6) and that "[u]nder all agreements, Qualicare's pension contribution obligation

remained the same for the period from January 2000 through December 2003." (Plaintiffs' Memorandum of Law in Support of its Motion for Summary Judgment at 5 ¶ 7). In support of this point, Plaintiffs cited Exhibit A of the Gibbs Affidavit. Exhibit A of the Gibbs Affidavit, however, is an Appendix signed on November 11, 2004. Defendant pointed this fact out in its Memorandum in Opposition to Plaintiffs' Summary Judgment Motion.

In their Reply, Plaintiffs changed their argument. They cited the same 2004 Appendix, but now instead of arguing that, "under all agreements, Qualicare's pension contribution remained the same," they now state that:

> Qualicare argues that § 3 of the Pension Appendix cannot apply during the audit period because the Appendix was signed on November 11, 2004. This argument, however, again ignores the unambiguous language of the provision, which makes it clear that the provision was intended to have retroactive application.

Plaintiffs' Reply in Support of its Motion for Summary Judgment at 3.

However, the Fund audit was conducted in October of 2004. (Plaintiffs' Memorandum of Law in Support of its Motion for Summary Judgment at 2). The Appendix cited by Plaintiffs was signed on November 11, 2004. Therefore, even if the Appendix was meant to have retroactive application it could not have been the basis of the October 2004 audit because the document was not yet in existence when the audit was conducted.

Plaintiffs first argued that all CBAs from 2000-2003 applied a duty to contribute based on "per hours paid." In their reply, however, Plaintiffs argue that only the November 2004 Appendix engenders such a duty and that said duty is a retroactive one. Moreover, that duty applies even though the audit was conducted a month before the Appendix was signed.

By making this new argument Plaintiffs have attempted to "sandbag" Defendant. Thus, in this case it is clear that without the ability to file a Sur-Reply, Defendant would be "unable to contest matters presented to the court for the first time in the opposing party's reply." *GFL Advantage Fund, Ltd. v. Colkitt*, 216 F.R.D. 189, 197 (D.D.C. 2003). This is true because without a Sur-Reply Defendant would be unable to point out the erroneous facts and reasoning relied on by Plaintiffs in the Motion for Summary Judgment. Furthermore, if Plaintiffs' Motion were granted Defendant would be doubly prejudiced by not being able to raise responsive arguments on appeal because it was precluded from responding to these new arguments at the trial court level. To prevent such prejudice to the Defendant, this Court should grant Defendant's Motion for Leave to File a Sur-Reply.

As further evidence of this point, without a chance to rebut Plaintiffs arguments, Plaintiffs contention that the "only reasonable construction of [the Appendix] is that it requires Qualicare to contribute 'per hours paid . . ." would go unopposed. (Plaintiffs Reply in Support of Their Motion for Summary Judgment at 3). Putting aside the fact that the Appendix was signed a month after the audit, there are far more reasonable constructions of the "May 1, 1999" date that Defendant wishes to put on the record.

For example, one likely explanation for the origin of the "May 1, 1999," contract language can be found in the Appendix to the 2001-2003 CBA **which was signed only by the Alpha Annex** - a nursing home **unrelated to Defendant**. It appears that in March 1999, Alpha Annex and the union negotiated a higher pension payment and added it to the then-existing CBA as an appendix to be effective May 1, 1999. *See* Appendix "Pension" dated March 18, 1999, attached to Defendant's Opposition as

Exhibit B. That Appendix appears to have been included in the 2001-2003 CBA as well; again only signed by Alpha. The 2004 Appendix includes the 1999 language because it is, in effect, a history of the additions to the CBA. In 1999 contributions were set at 10 cents and, in the CBA, would rise to 20 cents on May 1, 1999. In 2005, that 20 cents was raised to 30 cents per paid hour and this time the agreement was signed by Defendant. However, in March, 1999, Alpha Annex and the Union negotiated a raise to 20 cents per paid hour. But no other employer signed that Agreement.

Because Alpha signed an Agreement in March, 1999, and that language was included in the 2004 CBA Appendix does not mean Defendant is suddenly liable for retroactive payments per hours paid all the way back to 1999. Even if that were the case, it is not the basis of this suit. Because the supposedly retroactive agreement was signed one month *after* the audit was conducted in this case it simply cannot be the basis of the audit. Instead, the retroactive argument is merely argument of counsel and should not be considered by this court.

As further evidence of this point, the 1998-2001 CBA also contains a statement that that "[e]ffective May 1, 1999, the Employer agrees to contribute an additional $.10 per hour worked for each employee (total $.20 per hour) to the SEIU Plan." This language was clearly meant to apply as of May 1, 1999, and was not meant to be retroactive. Later, the CBA was amended so that Alpha Annex would pay the increase on a "per hours paid" basis rather than "per hours worked." Plaintiffs have argued that the contract is unambiguous and that the November 2004 Appendix containing the same "May 1, 1999" date as existed in the 1998-2001 CBA was somehow collectively

bargained for in 2004, and meant to apply retroactively. Such an argument is simply untenable.

Nevertheless, Plaintiffs argue that their retroactive interpretation is the only "reasonable" construction of the 2004 Appendix. Defendant submits their interpretation is not only unreasonable but also nothing more than agreement by counsel. Plaintiff has not submitted any evidence in support of a "retroactive" interpretation - certainly the plain language of the Appendix says nothing about retroactive application. Plaintiffs' interpretation were the "only reasonable construction," would interest be due on the payments beginning in November, 2004, or beginning on May 1, 1999? At what rate would the interest accrue? What about employees who have since retired and are collecting benefits; are they entitled to more money now? When would this retroactive payment be due? Would it be due in a lump sum or in installments? Are the other employers who signed the 2004 CBA being charged these same retroactive contributions? Attempting to answer these questions show the unreasonableness of Plaintiffs construction of the 2004 Appendix, shows genuine issues of material fact, and highlights the need for Defendant to file a Sur-Reply in this matter.

This is especially true considering that the far more likely explanation for Plaintiffs' inability to provide supporting documents for its audit is that the Fund made an error in basing its audit calculations on what Alpha Annex was supposed to pay, not Defendant. Otherwise, Plaintiff surely would have come forth with a document that was executed sometime *before* the audit was conducted that would support its application of the "per hours paid" calculation.

In sum, the retroactive application is not the "only reasonable construction" of the inclusion of the "May 1, 1999," date in the November 2004 Appendix. Without a chance to file a Sur-Reply, Defendant would not be able to make this point to the Court and would risk having Plaintiffs' fallacious arguments go un-rebutted.

## CONCLUSION

For the foregoing reasons Defendant requests this Court to grant leave to file a Sur-Reply Brief in this matter and award costs and reasonable attorneys' fees for being forced to bring this Motion.

    Respectfully submitted,

    KITCH DRUTCHAS WAGNER
    VALITUTTI & SHERBROOK

By: s/Karen B. Berkery

    KAREN B. BERKERY (P38698)
    Attorneys for Defendant ARISTA
    MANAGEMENT INC. d/b/a
    QUALICARE NURSING HOME
    INCORPORATED
    One Woodward Avenue, Suite 2400
    Detroit, MI 48226-5485
    313-965-7448
    karen.berkery@kitch.com

    s/John C. Lowe
    John C. Lowe
    John Lowe, P.C.
    5920 Searl Terrace
    Bethesda, MD 20816
    Phone 301-320-5595
    Fax 301-320-8878
    johnlowe@johnlowepc.com
    Co-counsel for Defendant Arista
Dated:    Management Inc. d/b/a Qualicare
    Nursing Home Inc.

DET02\1107090.1