UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND<br><br>and<br><br>BOARD OF TRUSTEES OF THE SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND<br>1343 L Street, N.W.<br>Washington, D.C. 20005,<br><br>    Plaintiff,<br><br>v<br><br>ARISTA MANAGEMENT INC. d/b/a QUALICARE NURSING HOME INCORPORATED,<br>695 East Grand Boulevard<br>Detroit, Michigan 48207,<br><br>    Defendant. | Civil Case No.: 05cv1606(RJL) |

## ORDER

Defendant, ARISTA MANAGEMENT INC, d/b/a QUALICARE NURSING HOME INC, by and through its attorneys KITCH DRUTCHAS WAGNER VALITUTTI & SHERBROOK and JOHN LOWE, PC, moved the Court for Leave to File a Sur-Reply to Plaintiffs' Reply to Defendant's Memorandum in Opposition of Plaintiffs' Motion for Summary Judgment, based on Plaintiffs' first-time raising of new matters in their Reply to Defendant's Opposition to the Motion for Summary Judgment.

1.    On March 24, 2006, Plaintiffs filed a Motion for Summary Judgment in the current matter.

2. In their Motion for Summary Judgment, Plaintiffs, *inter alia*, argued that the three CBAs at issue during the period of the Plaintiffs' audit indicate that Defendant should have been paying employee pension contributions on a "per hours paid" basis rather than "per hours worked."

3. On April 4, 2006, Defendant filed its Opposition to Plaintiffs' Motion for Summary Judgment.

4. In its Opposition Memorandum, Defendant noted that Plaintiffs have failed to show a single document supporting their contention that contributions should have been made on a "per hours paid" basis. *See* Defendant's Concise Statement of Genuine Issues of Material Fact at 2, ¶ 7;

5. Defendant further noted that the Appendix upon which Plaintiffs rely was not signed until November 11, 2004. S*ee* Defendant's Opposition Memorandum of Points and Authorities at 4.

6. On April 18, 2006, Plaintiffs filed their Reply in Support of Their Motion for Summary Judgment.

7. In their Reply, Plaintiffs changed their position away from arguing that all CBAs indicated Defendant should contribute to the pension based on "per hours paid" and now argues that the November 2004 Appendix applies retroactively to the audit period.

8. The audit in this case took place on October 4-7, 2004. *See* Plaintiff's Memorandum of Law in Support of its Motion for Summary Judgment at 7, ¶ 14.

9. The Appendix relied on by Plaintiffs was not signed until November 11, 2004. *See* Plaintiffs' Exhibit 1(A) attached to their Motion for Summary Judgment.

10.   Even if the November, 2004, Appendix had retroactive application it could not be the basis of the October 2004 audit.

11.   Plaintiffs have made the argument in their Reply for the first time that the 2004 Appendix applies retroactively when that was not the argument Plaintiffs made in their Motion for Summary Judgment.

12.   Unless the Court Strikes Plaintiffs' Reply, as requested in a separate Motion by Defendant, Defendant will not be able to address Plaintiffs' new arguments without a Sur-Reply.

Defendant is granted leave to file a Sur-reply to address the new arguments raised by Plaintiffs in their Reply in Support of Their Motion for Summary Judgment.

SO ORDERED:

_____        _____
Date                                              United States District Judge