# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SERVICE EMPLOYEE INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND et al., | ) ) ) | |
| | ) | Civil Action No. 05-cv-01606(RJL) |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ARISTA MANAGEMENT INC. d/b/a QUALICARE NURSING HOME INCORPORATED, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' REPLY, OR, ALTERNATIVELY, PLAINTIFFS' BRIEF IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE OUT OF TIME

Plaintiff  Service Employees International Union National Industry Pension Fund (the "Fund") and the Fund's Boards of Trustees (collectively "Plaintiffs") submit this Opposition to Defendant's Motion to Strike.  Alternatively, Plaintiffs submit this brief in support of their motion for leave to file their reply out of time.

At the outset, Plaintiffs are compelled to express their regret that they must burden the Court addressing what Plaintiffs consider specious and galling arguments on peripheral matters. Unfortunately, however, even specious arguments require responses.

Defendant's motion to strike should be denied.  The motion is contrary to the parties' binding stipulation that has established all deadlines in this case and to which the parties have adhered throughout this litigation.  The motion also is improper because Defendant failed to notify Plaintiffs

of Defendant's repudiation of the parties' Joint Meet and Confer Statement prior to Plaintiffs' filing

of its Reply.  In addition, Defendant is barred by equitable estoppel from seeking to strike the Reply

because Defendant is extracting the benefits from its prior stipulation while simultaneously asking

to Court to release it from the obligations the stipulation imposes.

Alternatively, the Court should grant the Plaintiffs' motion for leave to file out of time based

upon Plaintiffs' good faith reliance on the Joint Meet and Confer Statement to establish deadlines

in this action, Plaintiffs' good faith expectation that the Defendant would not renege on its

stipulation, and upon the confusion caused by the absence of a Scheduling Order to establish any

binding deadlines other than those set in the parties' Meet and Confer Statement.

## BACKGROUND

1.     On November 9, 2005, the Defendant, Arista Management Inc., d/b/a Qualicare

Nursing Home, Inc., (hereinafter "Qualicare"), filed, on behalf of all parties, a Joint Meet and Confer

Statement under Federal Rule of Civil Procedure & Local Rule 16.3.  *See* Doc. No. 6-1, a copy of

which is attached to hereto as Exhibit "A" for the Court's convenience.

2.     Paragraph 20 of the parties' Joint Meet and Confer Statement provided that

"Dispositive Motions shall be filed by March 24, 2006.  Opposition to dispositive motions shall be

filed with 21 days thereafter, and replies filed within 14 days of the filing of the opposition."  *See*

Doc. No. 6-1, Ex. A at 4.

3.     The parties attached to the Joint Meet and Confer Statement a Proposed Scheduling

Order setting all of the deadlines to which the parties stipulated in the Meet and Confer Statement.

*See* Doc. No. 6-2, a copy of which is attached hereto as Exhibit "B" for the Court's convenience.

Paragraph 5 of the Proposed Scheduling Order specified that "[o]pposition to dispositive motions

- 2 -

shall be filed within 21 days after the filing of the motions and replies filed within 14 days of the filing of the opposition." *See* Doc. No. 6-2, Ex. B ¶ 5.

4.      Federal Rule of Civil Procedure 16(b) states that a scheduling order should issue "within 90 days after the appearance of a defendant and within 120 days after the complaint has been served on a defendant." Fed. R. Civ. P. 16(b). However, no scheduling order actually was entered in the case. A true and accurate copy of the Docket Sheet in this case, as of May 5, 2006, is attached hereto as Exhibit "C" for the Court's reference.

5.      In the absence of a scheduling order, the parties adhered to the dates set out in the Meet and Confer Statement as if the proposed Scheduling Order had been entered. For instance, the parties exchanged Rule 26(a)(1) disclosures prior to the deadline specified in the Meet and Confer. The Plaintiffs filed their Motion for Leave to File their First Amended Complaint on the date of the deadline set in the Meet and Confer Statement. *See* Doc. No. 7. Both parties observed the discovery cut-off the Statement established. Plaintiffs also filed their Motion for Summary Judgment on March 24, 2006, the deadline for dispositive motions set out in their Meet and Confer statement. *See* Doc. No. 11.

6.      Consistent with this practice, Plaintiffs also adhered to the briefing schedule on dispositive motions to which the parties had stipulated in the Meet and Confer Statement. Indeed, in the last week of March, Defense counsel contacted Plaintiffs' counsel to request an extension of time to file their opposition to Plaintiffs' Motion for Summary Judgment. Plaintiffs' Counsel consented, noting that the parties already had stipulated to 21 days to oppose dispositive motions. At this time, Defense Counsel said nothing about repudiating the stipulated briefing schedule.

7.      Consequently, after Defendant filed its opposition to summary judgment on April 4,

2006, Plaintiffs filed their Reply 14 days thereafter, consistent with the stipulation of the parties in the Meet and Confer Statement which has provided all deadlines in this case thus far.

8.     On April 24, 2006, without any warning prior to the filing of Plaintiffs' Reply, Defendant repudiated the Joint Meet and Confer Statement's stipulated briefing schedule by moving to strike Plaintiff's Reply even though the Reply was filed within the terms of the stipulated schedule. Evidently concluding that the opposition it had filed to Plaintiffs' Motion for Summary Judgment was inadequate, Defendant now seeks to have the Court either strike the Reply or grant Defendant leave to file a sur-reply.

9.     Defendant gave the Plaintiffs no notice of its intent to dishonor the Joint Meet and Confer Statement until after the Plaintiffs filed their Reply brief in reliance upon the Joint Meet and Confer Statement.

## ARGUMENT

### I.     *Defendant's Motion to Strike Should Be Denied*

#### A.     *Defendant Is Bound By Their Stipulation to Permit Fourteen Days to File a Reply on a Dispositive Motion*

The Court should enforce the deadlines established by the parties' Joint Meet and Confer Statement for two reasons.  First, the Joint Meet and Confer Statement is the only document providing structure and deadlines in this action.  If the parties are not entitled to treat the deadlines in the Joint Meet and Confer Statement as binding, then there are no binding deadlines in this action. Second, the Court should enforce the Joint Meet and Confer Statement because, regardless of whether the Statement is binding, Defendant failed to provide Plaintiffs with any notice of its intent

to dishonor the stipulations that Defendant made in the Statement.[1]

### 1.    The Joint Meet and Confer Statement Is the Sole Document Providing Structure and Deadlines in this Action

The Joint Meet and Confer Statement is the only document that establishes deadlines in this action. The reason for this is that the Court did not issue a scheduling order in this case. As a result, the parties have relied upon and adhered to the deadlines established in the Joint Meet and Confer Statement throughout this action, as outlined above in paragraph 5.

In light of the Defendant's stipulation, and the parties consistent reliance upon it, the Defendant should be held to the obligation it made in the stipulation. In the parties' Joint Meet and Confer Statement, the Defendant stipulated to a briefing schedule permitting fourteen days to file a reply in support of a dispositive motion. Given that Defense Counsel already agreed to the briefing schedule establishing in the Meet and Confer Statement, Defendant was not prejudiced by Plaintiffs' reliance on that schedule. Accordingly, the Defendant should be held to the Meet and Confer Statement's stipulated briefing schedule.

Defendant attempts to justify the abandonment of its commitments by reference to the Court's Case Management Order, entered on August 17, 2005, which states that "[m]otions for extension of time to file pleadings are strongly discouraged unless both parties consent. Counsel seeking an extension of time must file a written motion and a proposed order." *See* Doc. No. 2. Defendant argues that the Court's rule, which pertains to motions for extension, frees Defendant

---

[1]Plaintiffs respectfully suggest that the simplest solution to this dispute would be for the Court to enter the proposed scheduling order that the parties jointly submitted to the Court in November.

from the obligations it made in its prior stipulation.[2]  Defendant's argument is erroneous in several

respects.

First, Defendant ignores that the Plaintiffs were not seeking an extension to a previously

established briefing schedule.   Rather, Plaintiffs simply adhered to the Joint Meet and Confer

Statement, which *establishes every deadline in the case*.  Defendant acknowledges this fact.  Indeed,

Defendant even argues that the Court should deem Plaintiffs' Reply as "a new Motion for Summary

Judgment" which should be also be stricken "because it is after the dispositive motion cut off."  *See*

Def. Mot. to Strike, Doc. No. 15, at 3.  The dispositive motion cut-off to which Defendant refers, of

course, is the one established by the Joint Meet and Confer Statement.

Apparently, Defendant wants to have it both ways.  It wants the Court to enforce some of the

deadlines established in the Joint Meet and Confer Statement, but not others.  This position is every

bit as unprincipled as Defense Counsel's abandonment of the commitments that it previously made

to Plaintiffs' counsel.  The parties' Joint Meet and Confer statement is the sole document providing

structure and establishing deadlines in this action.  The Defendant's attempt to honor some, but not

all, of those deadlines should be rejected, and the motion to strike denied.

> **2.     Defendant Is Bound to the Joint Meet and Confer Statement Because It Never Notified Plaintiffs of Defendant's Intent to Dishonor Its Prior Stipulation**

Even if the parties' stipulated briefing schedule was not binding, Defendant should have

---

[2]Defendant also argues that the Plaintiff should not have relied upon the Joint Meet and Confer Statement because the filing of the First Amended Complaint required the filing of a second Meet and Confer Statement.  *See* Def. Mem. in Supp. of Mot. to Strike, at 8.  Defendant cites no authority for this novel proposition, and Plaintiffs are aware of no rule in the Federal Rules of Civil Procedure, nor in the local rules, nor in the Court's Case Management Order requiring a new Meet and Confer Statement due to the filing of an amended pleading.

provided Plaintiffs with prior notice that Defendant no longer was willing to honor its previous stipulation. However, Defendant provided no prior notice that Plaintiffs no longer could rely on the representations and commitments made by Defense Counsel. Due to this lack of notice, Plaintiffs obviously relied on Defendant's prior stipulation based upon Plaintiffs' understanding that attorneys (other than Defense Counsel) do not dishonor the commitments that they make to other attorneys and to the Court. It is a strange indeed for Defendant to argue that Plaintiffs should have foreseen that Defense Counsel could not be trusteed to honor its commitments.

Plaintiffs' reliance on the stipulated briefing schedule established by the Joint Meet and Confer Statement was reasonable. Accordingly, the Court should enforce the parties' Joint Meet and Confer Statement and deny the Defendant's motion to strike.

**B.** ***Defendant's Motion to Strike Is Barred by Equitable Estoppel***

The doctrine of equitable estoppel is well-established within the D.C. Circuit. "It is recognized that under the doctrine of equitable estoppel a party with full knowledge of the facts, which accepts the benefits of a transaction, contract, statute, regulation, or order may not subsequently take an inconsistent position to avoid the corresponding obligations or effects." *Micks at Pa. Ave., Inc. v. BOD, Inc.*, 389 F.3d 1284, 1289 (D.C. Cir. 2004); *First Am. Disc. Corp. v. Commodity Futures Trading Comm'n*, 222 F.3d 1008, 1016 (D.C. Cir. 2000). "The doctrine of estoppel is based on fair dealing and good conscience and prohibits the assertion of a position that would be contrary to equity for a party to allege." *Kaneb Services, Inc. v. Federal Sav. & Loan Ins. Corp.*, 650 F.2d 78, 82 (5th Cir. 1981).

Here, the doctrine of equitable estoppel operates to prevent Defendant from prevailing on its motion to strike. Like all parties practicing before this Court, Defense Counsel is on constructive

notice of the generic briefing schedule contained in the Local Rules.  *See* L.R. 7(b), (d).  Even so, Defense Counsel stipulated to a different briefing schedule in the parties' Joint Meet and Confer Statement.  Defendant accepted the benefits of the deadlines jointly established in the Statement, including the deadlines to amend pleadings, to cut off discovery, and to file dispositive motions.  Indeed, even while dishonoring a portion of the Meet and Confer Statement, Defendant nevertheless seeks to use the Meet and Confer Statement's dispositive motion deadline as a sword to strike what Defendant characterizes as an "untimely" "new Motion for Summary Judgment."  *See* Def. Mot. to Strike, Doc. No. 15, at 3.  Having accepted, and having continued to accept, the benefits of the structure and deadlines established by the Joint Meet and Confer Statement, equitable estoppel now operates to prevent Defendant from "subsequently tak[ing] an inconsistent position to avoid the corresponding obligations or effects."  *Micks at Pa. Ave.*, 389 F.3d at 1289.

If Defendant wanted to take the position that the stipulated briefing schedule contained in the Joint Meet and Confer Statement was ineffective, then it either should not have entered into the stipulation, or it at least should have given Plaintiffs adequate notice of its intent to repudiate its stipulation.  Defendant did neither.  Instead, having lulled Plaintiffs into a course of conduct through its stipulation, Defendant now seeks to fault Plaintiffs for relying upon Defense Counsel to honor their word.  If Defense Counsel's oral and written commitments were not sufficient to rely upon, equitable estoppel at least intervenes to hold Defendant to the consequences of its prior conduct.  Accordingly, under the doctrine of equitable estoppel, the Court should deny Defendant's motion to strike.

II.     *Alternatively, Plaintiffs' Motion for Leave to File Their Reply Out of Time Should Be Granted* Nunc Pro Tunc *as of the Date that Plaintiffs Filed Their Reply*

Alternatively, if the Court finds that Plaintiffs were mistaken in relying upon the parties' Joint Meet and Confer Statement to establish binding deadlines in this action, the Court should grant the Plaintiffs leave to file their reply brief out of time.  Plaintiffs filed their Reply fourteen days following the filing of Defendant's opposition in reliance upon the stipulated briefing scheduling set out in the Joint Meet and Confer Statement.  Given that Defendant never gave Plaintiffs prior notice of Defendant's intent to repudiate the Meet and Confer Statement, Plaintiffs acted reasonably in continuing to rely upon it.

Furthermore, Federal Rule of Civil Procedure 16(b) states that a scheduling order should issue "within 90 days after the appearance of a defendant and within 120 days after the complaint has been served on a defendant."  Fed. R. Civ. P. 16(b).  However, no scheduling order was entered in the case, and the parties adhered to the dates set out in the Meet and Confer Statement as if the proposed Scheduling Order had been entered.  Because the Joint Meet and Confer Statement is the only document setting deadlines in this case, it was reasonable for Plaintiffs to rely upon the Joint Meet and Confer Statement, and it would be inequitable to fault Plaintiffs for doing so.

Accordingly, the Plaintiffs respectively request, in the alternative, that the Court grant the Plaintiffs leave to file their Reply out of time, *nunc pro tunc* as of the date that Plaintiffs filed the Reply.

## CONCLUSION

Based upon the foregoing, the Defendant's motion to strike should be denied, or, alternatively, the Court should grant the Plaintiffs leave, *nunc pro tunc*, to file their Reply brief out

of time.

Dates: May 5, 2006

                                                              /s/
                                                _____

                                              Thomas J. Hart
                                              Slevin & Hart, P.C.
                                              1625 Massachusetts Avenue, NW
                                              Suite 450
                                              Washington DC 20036
                                              (202) 797-8700 (tel)
                                              (202) 234-8231 (fax)

                                              Attorneys for Plaintiffs

H:\Clients\0310\112\Motions\Def Motion to Strike\Pla Opposition.wpd

- 10 -