IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SERVICE EMPLOYEE INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND et al., <br><br> Plaintiffs, <br><br> v. <br><br> ARISTA MANAGEMENT INC. d/b/a QUALICARE NURSING HOME INCORPORATED, <br><br> Defendant. | Civil Action No. 05-cv-01606(RJL) |

## JOINT MEET AND CONFER STATEMENT
## UNDER FED. R. CIV. P. 26(f) & L.R. 16.3

1. The Rule 26(f) meeting was held on October 19, 2005.

2. Thomas Hart, Esq., counsel for the Plaintiff Funds, and John Lowe, Esq., counsel for the Defendant, participated in a telephonic conference.

### DISCOVERY DEADLINES

3. Initial discloses under Fed. R. Civ. P. 26(a)(1) will be exchanged by **November 21, 2005**.

4. The parties made no agreements regarding informal discovery.

5. Deadline for Joinder of Parties and Amendment of Pleadings: **January 6, 2006.**

6. Discovery Cut-off: **February 25, 2006.**

7. Expert Discovery Deadline: **February 25, 2006.**

8. Dispositive Motion Deadline: **March 24, 2006**.

9. Interrogatory Schedule

Interrogatories shall be served no later than 60 days after the Scheduling Conference. Responses and objections shall be required within 30 days of service of the interrogatories.

10. Schedule for Request for Production of Documents

Requests for Production of Documents shall be served no later than 60 days after the Scheduling Conference. Responses and objections shall be required within 30 days of service of the document requests.

11. Discovery Limitations:

(A) All depositions shall be limited to a single day. The parties shall exert best efforts to conduct and conclude all necessary depositions in a single day.

(B) No modification on the presumptive numbers of depositions or interrogatories contained in the federal rules.

(C) No modification on the presumptive number of depositions, interrogatories or request for production of documents contained in the federal rules.

## STATUTORY BASIS OF
## CAUSES OF ACTIONS & DEFENSES

12. This action is brought pursuant to the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, *et seq*., as amended by the Multi-employer Pension Plan Amendments Act of 1980 ("ERISA"), and Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185(a) ("LMRA").

13. Defendant relies on the following affirmative defenses:

a. Any alleged damages sustained by the plaintiffs were proximately caused, totally or in part, by plaintiffs' negligence and/or willful acts and any recovery by plaintiffs must, therefore, be diminished in whole or in part.

b. Plaintiffs' Complaint and the relief sought therein is barred in whole or in part by the legal and equitable doctrines of waiver, estoppel, unclean hands, and laches.

c. Plaintiffs failed to make every reasonable effort to mitigate, prevent, and/or reduce their alleged damages and injuries.

d. Defendant reserves the right to add and rely upon all affirmative defenses as

may be hereafter disclosed by way of discovery.

## STATEMENT OF FACTS

14. Service Employees International Union Local 79 ("Local 79") is the exclusive collective bargaining agent for all of Defendant's dietary, housekeeping, maintenance, and nursing assistant employees at 695 East Grand Boulevard, Detroit, Michigan. Local 79 and the Defendant are parties to a collection bargaining agreement ("CBA") which requires the Defendant to contribute to the Pension Fund at the rate of $.20 per hour worked by each employee. The CBA also requires the Defendant to comply with the Agreement and Declaration of Trust of the Pension Fund ("Trust Agreement") and with all resolutions and rules adopted by the Trustees pursuant to their powers under the Trust Agreement, including collection policies.

15. On or about October 4 through 7, 2004, the Pension Fund conducted a review of Defendant's payroll records for the period January 2000 through December 2003. Plaintiffs allege that the audit revealed that Defendant substantially underpaid contributions due the Pension Fund by failing to report all eligible employees and under reporting the number of hours worked for numerous months during the period. Plaintiffs further allege that despite repeated requests from both the Pension Fund and its Counsel, Defendant has failed and refused remit the amount of $26,816.48, plus interest and liquidated damages, which is owed in delinquent and unpaid contributions for January, February, March, April, May, August, and September, 2000.[1]

---

[1] A separate action was filed in the United States District Court for the Eastern District of Michigan pertaining to delinquencies attributable to certain months within the period which is included in this matter (*Service Employees International Union National Industry Pension Fund, et al. v. Arista Management Inc. d/b/a Qualicare Nursing Home Incorporated*, Civil Action No. 2:03-74199). A Consent Judgment was entered in the case on July 14, 2005. As a result, the instant claim does not include delinquent amounts for June, July, November and December 2000.

16. Defendants allege that plaintiff's audit team failed to recognize the change in the contract language and applied the wrong standard for calculations of contributions. Defendants allege that Plaintiff's audit erroneously included holiday, sick and vacation hours in its calculation of hours worked. Defendants further allege that Plaintiff's audit erroneously included ineligible probationary employees in its calculation of contributions owed by defendant.

## SETTLEMENT

17. The parties certify that, as required by Fed. R. Civ. P. 26(f), they have discussed the possibilities for a prompt settlement or resolution of the case by alternate dispute resolution. The parties have not yet arrived at a resolution of this matter, but feel confident that a resolution is possible. Settlement discussions are ongoing.

18. The parties could benefits from the Court's Alternative Dispute Resolution procedures and would welcome mediation by a magistrate judge.

## RESOLUTION BY MAGISTRATE JUDGE

19. The case should **NOT** be assigned for resolution by magistrate judge.

## DISPOSITIVE MOTIONS

20.. The case likely will be resolved by dispositive motions. Dispositive motions shall be filed by March 24, 2006. Opposition to dispositive motions shall be filed within 21 days thereafter, and replies filed within 14 days of the filing of the opposition.

DATED this 9th day of November, 2005.

| | |
|---|---|
| /s/ Thomas J. Hart | Suite 450 |
| Thomas J. Hart | Washington DC 20036 |
| Slevin & Hart, P.C. | (202) 797-8700 (tel) |
| 1625 Massachusetts Avenue, NW | (202) 234-8231 (fax) |

| | |
|---|---|
| Attorneys for Plaintiffs | Karen B. Berkery (P38698)<br>Attorneys for Defendant ARISTA MANAGEMENT INC. , d/b/a QUALICARE NURSING HOME INCORPORATED<br>One Woodward Avenue, Suite 2400<br>Detroit, MI 48226-5485<br>313-965-7448<br>karen.berkery@kitch.com |
| | /s/John C. Lowe<br>John C. Lowe<br>John Lowe, P.C.<br>5920 Searl Terrace<br>Bethesda, MD 20816<br>(301) 320-5595 (tel)<br>(301) 320-8878 (fax)<br>johnlowe@johnlowepc.com |
| | Attorneys for Defendant |