UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SERVICE EMPLOYEE INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND et al., <br><br> Plaintiffs, <br><br> v. <br><br> ARISTA MANAGEMENT INC. d/b/a QUALICARE NURSING HOME INCORPORATED, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Civil Action No. 05-cv-01606(RJL) |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO FOR LEAVE TO FILE A SUR-REPLY**

Plaintiff Service Employees International Union National Industry Pension Fund (the "Fund") and the Fund's Boards of Trustees (collectively "Plaintiffs") submit this Opposition to Defendant's Motion For Leave to File a Sur-Reply.

The motion should be denied. Plaintiffs' Reply does not contain any new arguments, and, accordingly, Defendants have failed to meet the standard to be entitled to file a sur-reply.

**LEGAL STANDARD**

As the Defendant correctly states, "the standard in this court for granting leave to file a sur-reply is whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply." *GFL Advantage Fund, Ltd. v. Colkitt*, 216 F.R.D. 189, 197 (D.D.C. 2003). Because the Court's local rules "contemplate only three filings when a motion is filed, the motion, the opposition and the reply to the opposition," a sur-reply only is to be permitted where "the last pleading filed, the reply, raises new matters." *Id.* Where no new

matters are asserted, however, a motion for leave to file a sur-reply should be denied. *Id.* As demonstrated by the *GFL Advantage Fund* case, which is cited by Defendant, where the reply brief "merely addresses the arguments made by [the non-movant] in its opposition papers [and] there are no novel issues which necessitated a response" the proposed "sur-reply would be eligible to be stricken and not considered in the resolution of [movant's] [motion]." *Id.*

I. *Defendant's Motion For Leave to File Its Sur-Reply Should Be Denied Because Plaintiffs' Reply Does Not Contain Any New Arguments*

    A. *Plaintiffs' Did Not "Switch" Arguments*

Defendant asserts that Plaintiffs' Reply contains new arguments not present in their initial brief in support. It claims that "Plaintiffs first argued that all CBAs from 2000-2003 applied a duty to contribute based on 'per hours paid.' In their reply, however, Plaintiffs argue that only the November 2004 Appendix engenders such a duty and that said duty is a retroactive one." *See* Def. Mem. in Supp. of Mot. for Leave to File Sur-Reply at 7-8. Defendant's argument is misplaced, however. Plaintiffs did not switch from initially arguing that Defendant's obligation to contribute arose from "all CBAs from 2000-2003" and later argue that "only the November 2004 Appendix endgener[ed] such a duty." To the contrary, Plaintiffs consistently have argued that the Defendant's relevant contribution obligation arose from the Pension Appendix signed on November 11, 2004.

Plaintiffs clearly state this position in their First Amended Complaint, which avers that "[a]n Appendix of the Collective Bargaining Agreement requires that Defendant contribute to the Pension Fund at a rate of $0.20 per hour paid for each of its employees covered by the Agreement." *See* Doc. No. 9, ¶ 13. This paragraph of the First Amended Complaint leaves little room for doubt that Plaintiffs' case is based upon an Appendix to the CBAs, and not on the main body of the CBAs

themselves.

Plaintiffs reiterate this position in their initial brief in support of summary judgment. On page 5, ¶ 7 of that brief, Plaintiffs state:

> 7. Under all agreements, Qualicare's pension contribution obligation remained the same for the period from January 2000 through December 2003. The pertinent provisions, which are found in an appendix to the agreement, provide as follows:
>
>> Section 1. Coverage. The Employer agrees to make periodic contributions on behalf of the employees covered by this Collective Bargaining Agreement to the SEIU National Industry Pension Fund (hereinafter, "Fund") in the amounts specified in section 3 below.
>> . . . .
>> Section 3. Contributions.
>> (a)(1)  As of May 1, 1999, the Employer agrees to contribute to the Fund an additional $.10 (10 cents) per paid hour (total $.20 per hour) for all employees covered by the Agreement, from the employee's initial date of employment (or any period up to but not in excess of one (1) year of employment) or May 1, 1999, which ever is later.  Effective January 1, 2005, the Employer agrees to contribute to the Fund an additional $.10 (10 cents) per paid hour (total $.30 per hour).
>
> *See* Wood Aff., Ex. A, Appendix "Pension"; Gibbs Aff. ¶ 10.

Pla. Mem. in Supp. of Summ. J. at 5, Doc. No. 11-2 at 5.

This passage from Plaintiffs' brief makes clear that Plaintiffs rely— and always relied—upon the Pension Appendix of the CBA in support of their position. Furthermore, there can be no doubt

which Appendix Plaintiffs rely upon. The Pension Appendix dated November 11, 2004 is the only section of the CBA containing the language quoted in Plaintiffs' brief. In case there was any doubt on the subject, Plaintiffs clarified by expressly noting that the "pertinent provisions" of the CBA, all could be found in a single appendix.

### B. *Plaintiffs' Opposition Confirms That Defendant Could Have Responded to Plaintiffs' Argument in Its Opposition*

Indeed, Defendant's opposition makes clear that it understood the basis of Plaintiffs' argument and that Defendant could have responded to them in its opposition. In paragraph 7 of Defendant's Statement of Disputed Material Facts, Defendant responds to Paragraph 7 of Plaintiffs' Statement of Undisputed Material Facts as follows:

> Defendant denies the stated fact in paragraph 7 of Plaintiffs' Motion for Summary Judgment as it is untrue. The quoted language purports to be based on an Appendix to the 2001-2003 CBA and cites to Plaintiff's Wood Affidavit Exhibit A in Plaintiffs' Motion for Summary Judgment. *The Appendix referenced in the Wood Affidavit, however, is dated November 9, 2004, and does not apply to the time period preceding 2004.* Thus, Plaintiffs' have not provided any documentation in support of their audit calculations for the time period of 2000-2004.

Def. Statement of Dispute Material Facts, Doc. No. 13-2, at 2-3 (emphasis added).

Because Defendant's opposition makes clear that Defendant understood that Plaintiffs' Motion for Summary Judgment was based upon the Pension Appendix of the CBA signed on November 11, 2004, Defendant cannot credibly maintain that Plaintiffs "switched" arguments between their initial brief and their reply. Plaintiffs clearly identified the document and the provisions that they were relying upon in moving for summary judgment—clearly enough that Defendant identified the correct document in its opposition.

Thus, to the extent that a disconnect occurred, it occurred not because Plaintiffs switched arguments, but because Defendant seems not to have anticipated that the unambiguous language of the Pension Appendix could involve retroactive application of the Appendix's terms. This is shown in Defendant's conclusory response in its opposition that "[t]he Appendix referenced in the Wood Affidavit, however, is dated November 9, 2004, and does not apply to the time period preceding 2004."

It is odd that Defendant should be so confident that a provision purporting to apply "[a]s of May 1, 1999" could not have applied prior to the date it was executed. This failure is odder still considering that numerous other sections of the CBA and its appendices contain clearly retroactive provisions. For instance, the CBA contains a series of documents bearing the title "Tentative Agreements" between SEIU Local 79 and various signatory employers, each of which was signed in June 2002, although the provisions of the agreements all state that they are effective as of May 20, 2002. *See* Aff. of Lori Wood, Ex. A "Tentative Agreements," Doc. No. 11-5. The prevalence of retroactive provisions in the Agreement also is consistent with the Union's introductory message to members. In that message, the Union's Business Representative encourages the its members to "hold firm to fighting for your rights in keeping this contract agreement under a Master Contract and improving wages and *retro monies*." Aff. of Lori Wood, Ex. A, Message to Members from Joyce Pearson, Doc. No. 11-5 (emphasis added).

Plaintiffs clearly identified the basis of their summary judgment motion in their initial motion, and the Defendant understood the basis of Plaintiffs' motion. Furthermore, the unambiguous language of the Pension Appendix dated November 11, 2004 and numerous other elements of the CBA call for retroactive application. Given this, Defendant could have, and should

have, addressed retroactive application of the Pension Appendix in its opposition.

### C. *Defendant Has No Excuse For Failing to Address Plaintiffs' Argument in Its Opposition*

Given that the Pension Appendix unambiguously calls for retroactive application, and that the rest of the CBA was replete with retroactive provisions, Defendant can provide no valid excuse for their failure to address the possible retroactive application of the Pension Appendix in their opposition. Certainly, the excuse provided by the Defendant falls short of the mark.

The Defendant attempts to explain its failure to anticipate literal application of the provision by noting that the audit was conducted prior to the execution of the Appendix. *See* Def. Mem. in Supp. of Mot. for Leave to File Sur-Reply, at 8. This explanation fails, however, because it ignores the unrebutted evidence that Plaintiffs provide in support of their motion for summary judgment, which shows that the agreement embodied in the Pension Appendix dated November 11, 2004 already had been negotiated at the time of the audit.

The Memorandum Report of the October 2004 audit,[1] produced by the Fund's auditor Mariam Gibbs, clearly establishes that the terms of the Pension Appendix already had been negotiated at the time of the audit. Ms. Gibbs' audit report states that, at the time Ms. Gibbs performed the payroll audit, "[p]er Diane Pacella, there is a new cba, it is being signed and as soon as they have a completed copy, she will forward it to me."[2] *See* Aff. of Mariam Gibbs, Ex. B, Doc. 11-11. This statement clearly shows that, at the time the audit was conducted, the new CBA already

---

[1] Ms. Gibbs' Memorandum Report is a record the Fund created in the ordinary course of business, and the report was submitted in support of the Plaintiffs' Motion for Summary Judgment. *See* Aff. of Mariam Gibbs, Ex. B, Doc. 11-11.

[2] Diane Pacella is an agent of the Defendant. Her statement accordingly is a non-hearsay admission.

had been negotiated, but had yet to be signed.[3]

The reason for this lag between the agreement's negotiation and signing also is clear from Plaintiffs' summary judgment evidence. The CBA plainly indicates that the CBA is a master agreement between SEIU Local 79 and several employers. *See* Aff. of Lori Wood, Ex. A, Doc. No. 11-5, at 1. Furthermore, the signature page of the Agreement, entitled Addendum Agreement, indicates that the Agreement was negotiated and signed by a "bargaining committee." *See* Aff. of Lori Wood, Ex. A "Addendum Agreement," Doc. No. 11-5. Quite obviously, the audit was conducted during the interval between the date on which the bargaining committee completed the negotiation of an agreement and the date on which the employer actually signed the final draft of the negotiated document.

All of the foregoing serves to confirm that Defendant could have addressed the retroactive application of the Pension Appendix in its opposition. Whatever can be said of Defense Counsel's failure to anticipate and therefore address the possibility of retroactive application of Pension Appendix's literal terms, this failure on counsel's part does not satisfy Defendant's burden to show the presence of "new" arguments in order to be entitled to file a sur-reply. Accordingly, Defendant's motion for leave to file a sur-reply must be denied.

### D.    *The Remainder of the Plaintiffs' Reply Also Does Not Contain "New" Arguments*

The remaining aspects of Plaintiffs' Reply also cannot be deemed "new arguments." In both briefs, the Plaintiffs argued that summary judgment should be granted because the language of the Pension Appendix signed on November 11, 2004 was unambiguous. *Compare* Pla. Mem. in Supp.

---

[3] That a new CBA already had been negotiated at the time of the audit also is consistent with the fact that the prior CBA expired on April 30, 2003, well over a year before the audit was conducted. *See* Wood Aff., Ex. A, Cover Page, Doc. 11-5.

of Mot. for Summ. J. at 12 ("Here, the language of the CBA is unambiguous."), *with* Pla. Reply in Supp. of Summ. J. at 2 ("Qualicare's argument must be rejected as a matter of law because it ignores the unambiguous language of the CBA."). In addition, although the Reply addresses the arguments Qualicare made in its Opposition brief, the presence of such arguments does not justify the filing of a sur-reply. The law is clear that where a reply brief "merely addresses the arguments made by [the non-movant] in its opposition papers [and] there are no novel issues which necessitated a response" the proposed "sur-reply would be eligible to be stricken and not considered in the resolution of [movant's] [motion]." *GFL Advantage Fund*, 216 F.R.D. at 197.

The bottom line on Defendant's motion is that Defendant simply seeks a second bite at the apple at opposing Plaintiffs' motion, and this is not an appropriate purpose for a sur-reply. A sur-reply only is to be permitted where "the last pleading filed, the reply, raises new matters." *Id.* Where no new matters are asserted, a motion for leave to file a sur-reply should be denied. *Id.* Here, Defendant fails to meet the standard for establishing its entitlement to file a sur-reply. Accordingly, the motion is due to be denied.

## CONCLUSION

Based upon the foregoing, the Defendant's motion for leave to file a sur-reply should be denied.

Dates: May 5, 2006

    /s/Thomas J. Hart
Thomas J. Hart
Slevin & Hart, P.C.
1625 Massachusetts Avenue, NW
Suite 450
Washington DC 20036
(202) 797-8700 (tel)
(202) 234-8231 (fax)

Attorneys for Plaintiffs

H:\Clients\0310\112\Motions\Motion for Leave to File Sur-Reply\Pla Opposition to Def Mot for Leave.wpd