UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SERVICE EMPLOYEE INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND et al., <br><br> Plaintiffs, <br><br> v. <br><br> ARISTA MANAGEMENT INC. d/b/a QUALICARE NURSING HOME INCORPORATED, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) )   Civil Action No. 05-cv-01606(RJL) |

**PLAINTIFFS' MOTION IN THE ALTERNATIVE
FOR LEAVE TO FILE REPLY OUT OF TIME**

In the event that the Court determines that Service Employees International Union National Industry Pension Fund ("Pension Fund") and the Pension Fund's Boards of Trustees (collectively "Plaintiffs") already were not authorized to file their Reply within fourteen days of Defendant's Opposition to Plaintiffs' Motion for Summary Judgment, Plaintiffs hereby move in the alternative for leave to file their Reply in support of their motion for summary judgment out of time. In support of this motion, the Plaintiffs state as follows:

1. On November 9, 2005, the Defendant, Arista Management Inc., d/b/a Qualicare Nursing Home, Inc., (hereinafter "Qualicare"), filed, on behalf of all parties, a Joint Meet and Confer Statement under Federal Rule of Civil Procedure & Local Rule 16.3. *See* Doc. No. 6-1, a copy of which is attached to the Plaintiffs' Opposition to Defendant's Motion to Strike as Exhibit "A" for the Court's convenience.

2. Paragraph 20 of the parties' Joint Meet and Confer Statement provided that

"Dispositive Motions shall be filed by March 24, 2006.  Opposition to dispositive motions shall be filed with 21 days thereafter, and replies filed within 14 days of the filing of the opposition." *See* Doc. No. 6-1, Ex. A at 4.

3. Plaintiff followed the briefing schedule to which the parties had stipulated.  Fourteen days after Defendant filed its opposition to Plaintiffs' Motion for Summary Judgment, Plaintiffs filed their Reply.

4. On April 24, 2006, without any warning prior to the filing of Plaintiffs' Reply, Defendant repudiated the Joint Meet and Confer Statement's stipulated briefing schedule by moving to strike Plaintiffs' Reply even though the Reply was filed within the terms of the stipulated schedule.

5. Defendant's motion to strike is contrary to the parties' binding stipulation that has established all deadlines in this case and to which the parties have adhered throughout this litigation.  The motion also is improper because Defendant failed to notify Plaintiffs of Defendant's repudiation of the parties' Joint Meet and Confer Statement prior to Plaintiffs' filing of its Reply.  In addition, Defendant is barred by equitable estoppel from seeking to strike the Reply because Defendant is extracting the benefits from its prior stipulation while simultaneously asking to Court to release it from the obligations the stipulation imposes.

WHEREFORE, based upon the foregoing, and for the reasons stated in Plaintiffs' brief in support, the Court should grant the Plaintiffs leave to file their Reply out of time, *nunc pro tunc* as of the date that the Plaintiffs filed their Reply.

                                        Respectfully submitted,

                                        _____/s/Thomas J. Hart_____
Thomas J. Hart, Esq. (DC Bar No. 165647)
Karen J. Ward, Esq. (DC Bar No. 443340)
SLEVIN & HART, P.C.
1625 Massachusetts Ave., N.W., Suite 450
Washington, D.C. 20036
202-797-8700 (Telephone)
202-234-8231 (Facsimile)

Dated: May 5, 2006                             Attorneys for Plaintiffs