UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND<br><br>and<br><br>BOARD OF TRUSTEES OF THE SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND<br>1343 L Street, N.W.<br>Washington, D.C. 20005,<br><br>    Plaintiff,<br><br>v<br><br>ARISTA MANAGEMENT INC. d/b/a QUALICARE NURSING HOME INCORPORATED,<br>695 East Grand Boulevard<br>Detroit, Michigan 48207,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Case No.: 05cv1606(RJL)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE
TO FILE A SUR-REPLY MEMORANDUM IN RESPONSE TO PLAINTIFFS'
<u>MOTION FOR SUMMARY JUDGMENT</u>**

Defendant ARISTA MANAGEMENT INC. d/b/a QUALICARE NURSING HOME INCORPORATED, submits this Reply in Support of its Motion to file a Sur-Reply to Plaintiffs' Reply in Support of its Motion for Summary Judgment.

**ARGUMENT**

**I. DEFENDANT'S MOTION FOR LEAVE TO FILE A SUR-REPLY SHOULD BE GRANTED AND PLAINTIFFS' ARGUMENTS TO THE CONTRARY ARE DISINGENUOUS AND SHOULD BE DISREGARDED.**

Plaintiffs have filed a Motion for Summary Judgment in this matter based on an October, 2004, audit which alleged that Defendant had been improperly paying pension

1

benefits. Plaintiffs' Motion for Summary Judgment [*hereinafter* "SJ Motion"] at 2, 11. The audit based its calculations on a "per hours paid" basis rather than "per hours worked" as Defendant had been paying. *See* SJ Motion at 5. In their Motion for Summary Judgment Plaintiffs argued that the unambiguous language of the 2000-2003 CBA stated that the contributions should have been remitted on a "per hours paid" basis. In Defendant's Opposition, Defendant pointed out that the Plaintiffs were not actually relying on the 2000-2003 CBA, but on an Appendix to the 2004 CBA.

Plaintiffs then filed a Reply arguing in effect, that what they meant to say in their Summary Judgment Motion was that the 2004 Appendix was unambiguous in that it applied retroactively. Defendant has filed its Motion for Leave to File a Sur-Reply because it considers the retroactive-application argument to be a new argument not raised in Plaintiffs' original Summary Judgment Motion. In support of its position, Defendant pointed out that the October 2004 audit at issue could not have possibly have been based on a November 2004 contract provision even if it were to apply retroactively.

Now, in their Opposition to Defendant's Motion for Leave to File a Sur-Reply, Plaintiffs argue that the date of the audit is irrelevant because the November 2004 Appendix had been agreed to before it was signed and therefore could be used retroactively to apply to an audit that began in 2002 and was completed in October 2004. *See* Opposition to Sur-Reply at 6. Plaintiffs also contend that Defendant should not be allowed to file a Sur-Reply because it failed to anticipate the retroactive-application argument, keeping in mind that the retroactive-application argument is not a new argument, just one that should have been anticipated.

2

### A.  Plaintiffs' Arguments of Counsel Should be Disregarded as Plaintiffs are Attempting to Place an Affirmative Burden to Anticipate and Respond to Arguments Plaintiffs have not Made.

In attempting to argue that a Sur-Reply is inappropriate in this matter, Plaintiffs, *reductio ad absurdum*, all but admit that a Sur-Reply is appropriate.  The most telling quotation in Plaintiff's Opposition to Defendant's Motion for Leave to file a Sur-Reply states as follows: "Whatever can be said of Defense Counsel's **failure to anticipate and therefore address** the possibility of retroactive application of Pension Appendix's literal terms, this failure on counsel's part does not satisfy Defendant's burden to show the presence of 'new' arguments in order to be entitled to file a sur-reply."  Plaintiffs' Opposition to Sur-Reply at 7 (emphasis added).  First, this is an admission that the retroactive argument was not raised in Plaintiffs' original Motion for Summary Judgment (if it were raised why would it need to be anticipated?).  Second, it appears Plaintiffs are actually arguing that Defendant has the burden of anticipating and addressing all arguments Plaintiffs could have or should have made on Summary Judgment even if Plaintiffs did not make them.

Plaintiffs are attempting to claim that because their Motion for Summary Judgment contained arguments that the CBA (not the Appendix) was unambiguous, Defendant should have divined that what Plaintiffs really meant to argue was that the contract language of the Appendix (not the CBA) unambiguously applied retroactively.  In point of fact, Plaintiffs' Motion for Summary Judgment argued that the CBA (not the Appendix) "requires [present tense] Qualicare to make contributions to the Fund at the rate of $.20 per hour paid [present tense] to employees covered under the agreement

3

[also present tense]." Plaintiffs' Motion for Summary Judgment at 12. Plaintiffs did not argue that the Appendix to the CBA required Defendant to make payments retroactively. Plaintiffs' entire argument is couched in the present tense. Plaintiffs then go on to note that the CBA (not the Appendix) gave the Trust authority to conduct an audit. A random audit was conducted in 2002 and it was determined that a further audit was needed. *See* SJ Motion at 7. This audit took place in October 2004. However, the auditor swore out an affidavit stating that she relied on the CBAs (which Plaintiff argues really means the November 2004 Appendix) as the basis of her decision. *See* Gibbs Affidavit attached to SJ Motion at ¶¶ 9-10. In its Motion for Sur-Reply Defendant pointed out the temporal impossibility of conducting an audit based on a contract that was not yet in existence. *See* Motion for Leave to File Sur-Reply at 2.

**B.    Plaintiffs Contention that the Auditors Could Rely on the Supposed Affirmative Retroactive Mandates of a Contract that Had Not Yet Been Executed Lacks Support in Law and Fact.**

In their Motion in Opposition to Defendant's Motion for Leave to File a Sur-Reply, Plaintiffs argued that it is not impossible to rely on a contract that was not yet in existence for the purposes of an audit, because the contract had already been *negotiated*. Opposition to Sur-Reply at 6-7. Unfortunately, Plaintiffs failed to provide any support for this novel legal theory. In addition, Plaintiffs fail to explain why the affidavits of the auditors state that the audit was based on the 2000-2003 CBA, which Plaintiff now claims really means the 2004 *Appendix* (which was not yet in existence). It seems Plaintiffs are arguing that the auditors were mistaken in their affidavits and that they really relied on some mysterious negotiation that was concluded before the Appendix was signed. *See* Gibbs Affidavit attached to SJ Motion.

4

It appears that Plaintiffs are actually attempting to create a new principal of contract law whereby there is no need to wait until a contract has been executed before one holds another party to its terms. In addition, the parol evidence rule apparently does not apply to this new legal theory. *Ozerol v. Howard University*, 545 A.2d 638, 642 (D.C. 1988). Even if Plaintiffs' arguments are taken at face value, those arguments still must fail. If a contract applying retroactive benefits were negotiated and agreed to in principle; generally speaking the contract would go into effect and give a certain amount of time for the party to be bound to perform. It would make little sense to agree to apply retroactive benefits and then conduct an audit before the benefits were due. It would be akin to the IRS auditing a tax payer for the current fiscal year before the year's taxes were even due.

Therein lies the need for a Sur-Reply. Plaintiffs' retroactive-argument makes little sense and lacks clarity when viewed in retroactive context. If the 2004 Appendix were to apply retroactively, when would the retroactive payments be due? Plaintiffs seem to argue that they were due as early as 2002 when the first random audit was conducted even though negotiations on the 2004 Agreement had yet to begin. One thing is clear, the payments could not possibly be due before the November 2004 contract was signed, regardless of what was negotiated. Any arguments to the contrary would be barred by the parol evidence rule and are barred by common sense.

## CONCLUSION

For the foregoing reasons, Defendant requests that this Court grant its Motion for Leave to File a Sur-Reply.

    Respectfully submitted,

    KITCH DRUTCHAS WAGNER
    VALITUTTI & SHERBROOK

By: s/Karen B. Berkery

    KAREN B. BERKERY (P38698)
    Attorneys for Defendant ARISTA
    MANAGEMENT INC. d/b/a
    QUALICARE NURSING HOME
    INCORPORATED
    One Woodward Avenue, Suite 2400
    Detroit, MI 48226-5485
    313-965-7448
    karen.berkery@kitch.com


    s/John C. Lowe
    John C. Lowe
    John Lowe, P.C.
    5920 Searl Terrace
    Bethesda, MD  20816
    Phone 301-320-5595
    Fax 301-320-8878
    johnlowe@johnlowepc.com
    Co-counsel for Defendant Arista
Dated:    Management Inc. d/b/a Qualicare
    Nursing Home Inc.

DET02\1110711.1